CANYON ROAD CO., RESPONDENT, v. B. F LAWRENCE,
APPELLANT.

3   519
8   486
13  469
11- 192

*Appeal from Douglas County.*

APPEAL.—An undertaking must be filed within the time prescribed, to wit, within ten days after the service of the notice of appeal is given, or the appeal is not perfected, and will be dismissed on motion.

A MOTION was made in this case to dismiss the appeal, for the reason that the said appeal has not been perfected, since there was no undertaking filed, as was required by law; and a cross application to file an undertaking, supported by affidavit, is also made. The record discloses these facts: the notice of appeal and the accompanying certificate of errors was filed August 17, 1870, and service acknowledged on the same day, and the undertaking was filed Sept. 3, 1870, that is, a greater period of time than ten days elapsed between the service of the notice of appeal and the filing of the bond.

*Watson & Willis*, for respondent.

*L. F. Mosher*, for appellant.

McARTHUR, J. It is unnecessary to refer directly to the facts in the affidavit. Sec. 527 of the code of civil procedure, prescribes the manner in which appeals shall be taken and perfected. Subdivision two of that section provides, that within ten days from the service of the notice of appeal, the appellant shall file with the clerk the required statutory undertaking. We are of opinion that the provisions of the statute in regard to the time within which the undertaking on appeal is required to be filed, should in all cases be strictly complied with. The true construction of subdivision 2 of section 527 of the code of civil procedure, is that the appeal shall not be considered as perfected or effectual for any purpose, unless an undertaking be filed within ten days after the service of the notice of appeal.

If this be the construction, it is clear that the failure to file the undertaking is fatal to the appeal. The consequence attached to the failure is, that the appeal shall not be effectual, and this consequence can only be enforced by giving full effect to the provision as to time. This rule is laid down in *Elliot* v. *Chapman et al.*, 15 Cal. 383.

Appellant's counsel in the argument of this motion urged that, by virtue of subdivision 4 of sec. 527 of the code, this court could permit the undertaking filed to stand, upon imposing terms, and thereby remove the effect of the statutory provision, limiting the time within which an undertaking on appeal should be filed, and in support of this position, referred to a decision of this court, which, by virtue of subdivision 4 of sec. 527, permitted a party to make a deposit in lieu of a defective undertaking, filed within the time limited by the code. We are of opinion that the case referred to, is not parallel with the case now under consideration. In the case at bar there is no question as to the power of the court to allow an amendment. No undertaking was filed within the time limited by the statute, and the consequence is that there is nothing to amend. It is not the case of a defective undertaking, but of no undertaking at all. In construing the statute, we must look to the language used, and endeavor to ascertain the intention of the legislature. It is an established principle that provisions as to time are to be construed as directory, but such a construction is improper where a consequence is attached to a failure to comply. In such a case, the consequence can be avoided only by strict compliance with the statute. In considering the application and affidavit, the court finds, that while the attorney observed all the diligence which the law requires in this matter, and perhaps more, yet the facts set forth in that affidavit conclusively show negligence and laches on the part of the defendant in the court below, who, it is presumed knew the law, and rested under sufficient knowledge of the requirements of the statute. Every presumption of negligence, laches, or mistake, is raised against the actor

or moving party in any proceeding whatsoever, and when such party has been guilty of either, he is seldom, if ever, viewed with favor by the law or the courts.   Besides this, there are many cogent reasons why the court should adopt plain, positive, and pointed rules in relation to this matter of undertakings, in order to close the door against fraud. If so, after a judgment is obtained, an appeal is desired for any cause, the appellant need only serve his notice of appeal in order to effect the purposes which the statute declares shall only be effected by filing the undertaking.   If this court adheres to loose dicta in this matter, a defendant can, after his notice of appeal is served, rest perfectly secure in the assurance that, upon what he may urge as a mistake this court will exercise its discretionary powers, and permit an original undertaking to be filed during the term, and the party, plaintiff in the court below, who has taken the pains and gone to the expense of securing a judgment, is not only subjected to unwarrantable delay, but, in many cases, may be compelled to sit quietly by and behold the property, out of which his judgment could be made, rendered value-less through natural causes, or placed beyond the reach of process through fraudulent design.   Leave to file the undertaking cannot be granted, and the appeal must be dismissed.