[Filed May 26, 1886.]

## WALTER ODELL v. PETER GOTFREY.

APPEAL FROM JUSTICE'S COURT—UNDERTAKING—WHEN FILED.—A justice
of the peace has no power to permit an undertaking on appeal to be filed
in a cause after the thirty days allowed for taking an appeal has ex-
pired.

SAME—JUSTICE'S CODE—CONSTRUCTION OF STATUTE.—The Justice's Code on
the subject of appeals is complete in itself, and section 527 of the Civil
Code does not apply to appeals from a Justice's Court.

WASCO COUNTY. Defendant appeals. Reversed and
remanded, with directions to dismiss appeal.

*E. B. Dufur*, for Appellant.

*W. S. Bennett*, for Respondent.

THAYER, J. The respondent commenced an action
against the appellant, in the Justice's Court for Dalles
Precinct, Wasco County, state of Oregon, to recover the
possession of a span of horses and harness valued at
$210. Both parties claimed the property, and an issue
was duly made as to its ownership. The case was tried
in the Justice's Court by a jury, who returned a verdict
in favor of the defendant in the action, appellant herein,
upon which judgment was entered, and the respondent
attempted to appeal therefrom to the said Circuit Court.
He caused a notice of appeal to be served upon the ap-
pellant within the time allowed by the statute for serv-
ing such notice, but failed to file any undertaking until
after the expiration of such time. He then went before
the justice and made a showing that his failure to file the
undertaking within such time occurred through a mis-
take, and applied to the justice for leave to file it then.
The justice, being satisfied with the showing, permitted

the undertaking to be filed, and thereupon made an entry in his docket allowing the appeal.

After the transcript was filed in the Circuit Court, the appellant herein filed a motion to dismiss the appeal, upon the ground that the showing before the justice was not sufficient to excuse the mistake, and that the justice had no authority in any event to allow it to be filed after the expiration of the term fixed by the statute. The Circuit Court overruled the motion, and proceeded to try the case anew. It was tried by a jury in the latter court, who returned a verdict in favor of the respondent herein, upon which the judgment appealed from was entered.

The only question presented for the consideration of this court is as to the correctness of the Circuit Court's ruling upon the motion to dismiss the appeal, which turns wholly upon the question of the power of the justice to permit the filing of the undertaking after the time specified in the statute for doing it had elapsed. This. court is not inclined in any case to deprive a party of an appeal, where he has made a mistake, if it has authority to do so. We have attempted to discourage any technical practice in reference to dismissing appeals, when it is evident that the party has acted in good faith in the matter. But however liberally disposed the court may be in such matters, it cannot override provisions of statutes. Chapter 9 of the Justice's Code gives the right and regulates the mode of appeal from judgments given in a Justice's Court. Section 68 of that Code provides that the appeal is taken to the Circuit Court of the county wherein the judgment is given, and may be taken within thirty days from the date of the entry thereof; and section 69 thereof provides how it is taken, viz., by serving a notice thereof on the adverse party, and filing the original, with proof of service indorsed

thereon, with the justice, and giving the undertaking for the costs of the appeal as therein provided.

It is conceded by both parties in the case that the right to appeal in such cases is only a statutory right, and that there is no provision in the Justice's Code for allowing an undertaking to be filed after the expiration of the thirty days in which the appeal is allowed to be taken. But the respondent's counsel contends that subdivision 4 of section 527 of the Civil Code applies to cases of appeal from judgments of Justices' Courts. That subdivision is as follows: "When a party in good faith gives due notice of an appeal from a judgment or decree, and thereafter omits, through mistake, to do any other act, *including the filing of an undertaking,* or any other act, as provided in this section, necessary to perfect the appeal or to stay proceedings, the court, or judge thereof, or the appellate court, may permit an amendment or performance of such act on such terms as may be just." And the whole question turns upon its applicability to Justice's Court proceedings in case of appeal. In the case of *Herman* v. *Kyle,* decided at the present term of this court, it was held that subdivision 2 of said section 527, Civil Code, did not apply to appeals from Justices' Courts. We concluded in that case, though no opinion was written, that the Justice's Code was complete in itself upon the subject of appeal. There, the Circuit Court from which the appeal was taken had decided that the appellant must, within ten days after the service of the notice of appeal, file his undertaking; but this court held that it was sufficient if he did it at any time after service of the notice and within the thirty days after the rendition of the judgment, and reversed the decision of the Circuit Court. I can discover no reason for changing the view the court then entertained upon the subject.

The language used in said section 527, and the various

subdivisions thereof, would clearly imply that only un-
dertakings given upon appeal from the Circuit Court and
County Courts were intended.   Subdivision 1 of said
section provides that the appellant shall cause a notice
to be served on the adverse party, and file the original,
with proof of service indorsed thereon, with the clerk
where the judgment or decree is entered, and that such
notice shall state that the appellant appeals from the
judgment or decree of the Circuit Court, etc.   This lan-
guage could not have been intended to apply to appeals
from the judgment of Justices' Courts.   The terms "judg-
ments and decrees" import of themselves judgments and
decrees of a court of record.   Judgments, in a general
sense, would doubtless include all judgments given in a
court of justice, but when the words "judgment or de-
cree" are used, they could hardly be supposed to include
a Justice's Court judgment.   Subdivison 5 of said section
527 was referred to upon the argument, in order to show
that appeals from Circuit Courts were not alone intended
by said provisions.   That subdivision provides that an
appeal to the Supreme Court shall be taken by serving
and filing the notice of appeal, within six months from
the entry of the judgment or decree appealed from, or to
the Circuit Court within thirty days after such entry,
and not otherwise.   But I do not think that aids the view
of the respondent's counsel.   In what court is "a judg-
ment or decree" entered ?   Certainly not in a Justice's
Court.   In the latter case judgments are rendered by
the justice of the peace.

The clause in subdivision 4 of section 527, authorizing
the filing of an undertaking where it has been omitted,
was not in the original section as adopted in 1864.   It
was inserted by an amendment passed in 1870.   Under
the original section it was held by this court, in *Canyon
Road Co.* v. *Lawrence,* 3 Or. 519, that where no undertak-

ing had been filed within ten days after the service of the notice of appeal, it was fatal to the appeal; that the proceeding could not be amended, as there was nothing to amend. The clause inserted in said section, as mentioned, was for the purpose of preventing the dismissal of appeals in important cases, and a consequent failure of justice. And I do not think that it was ever intended to apply to Justices' Courts. Appeals from the judgments of the latter courts are regulated by a separate code, and if it had been intended to affect its provisions upon the subject by the amendment, it would have been so declared, and an attempt, upon the part of this court, to extend the amendment to appeals from justice's judgments, would not be construction, but judicial legislation. The respondent, under this view, is subjected to a severe hardship, which this court would, if within its power, relieve him from. He has not had a constitutional trial, such as he was entitled to, but it has been the result of one of those casualties which human prudence and foresight are not always able to provide against. He occupies the same position as one whose claim is barred by the statute of limitations. The judgment must be reversed, and the case remanded to the court below with directions to dismiss the appeal.