Argued March 9, decided March 22, 1910.

## WATTS v. STATE SPIRITUALISTS' ASSOCIATION.

[107 Pac. 695.]

JUSTICES OF THE PEACE—APPEAL—NOTICE.

1. Under Laws 1901, p. 77, providing that a notice of appeal shall be sufficient if it contains the title of the cause, the names of the parties, and notifies the adverse party that an appeal is taken to the Supreme or circuit court, as the case may be, from the judgment or some specified part thereof, a notice was sufficient where it was addressed to respondent and his attorney, and stated: "Defendant herein appeals from the judgment of the justice court for Portland district * * in favor of plaintiff and against defendant herein to the circuit court."

JUSTICES OF THE PEACE—APPEAL—ORAL NOTICE—SUBSEQUENT WRITTEN NOTICE.

2. That defendant in justice court failed to perfect its appeal by giving bond pursuant to the oral notice given at the trial did not prejudice its right to take a new appeal within the time allowed by law by giving written notice thereof.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Statement by Mr. Justice McBride.

On August 13, 1908, John F. Watts recovered a judgment against the State Spiritualists' Association of Oregon (a corporation), in the justice court for Portland district, Multnomah County, for the sum of $112.95. Defendant gave oral notice of appeal in open court on the day the judgment was rendered, and did nothing further to perfect such appeal in pursuance of the oral notice, and afterwards, on the 10th day of September, 1908, served and filed a written notice, of which the following is a copy:

"In the Justice Court for Portland District, Multnomah County, Oregon.   John F. Watts, Plaintiff, v. The State Spiritualists' Association, a Corporation, Defendants.   To John F. Watts and John Ditchburn, His Attorney: You and each of you will please take notice that the defendant herein appeals from the judgment of the justice court of Portland district, Multnomah County, Oregon, in favor of plaintiff and against defendant herein to the circuit court of Multnomah County, Oregon.

"Harry Yanckwich, Attorney for Defendant."

Defendant thereafter filed a sufficient undertaking to perfect the appeal.   A motion to dismiss the appeal for insufficiency of the notice was sustained by the lower court, and defendant appeals.   Reversed.

For appellant there was a brief and an oral argument by *Mr. Harry Yanckwich.*

For respondent there was a brief with oral arguments by *Mr. John Ditchburn* and *Mr. John F. Watts.*

Mr. Justice McBride delivered the opinion of the court.

1. The statute in force when the written notice of appeal was served is as follows:

"Such notice shall be sufficient if it contains the title of the cause, the names of the parties, and notifies the adverse party or his attorney that an appeal is taken to the supreme or circuit court, as the case may be, from

the judgment, order or decree, or some specified part thereof." Laws 1901, p. 77.

In *Anderson* v. *Phegley,* 54 Or. 102 (102 Pac. 603), we had occasion to construe the statute above quoted, and to call attention to the fact that its provisions had very much relaxed the rule, theretofore prevailing, in regard to the description of the judgment required in a notice of appeal. We think that the notice in the case at bar is entirely within the rule announced in that case, and that it is sufficient.

2. The fact that defendant failed to perfect its appeal pursuant to the oral notice given it at the trial could not prejudice its right to take a new appeal within the time allowed by law. Where an appeal has been taken and perfected, the defendant cannot abandon it and take a new appeal, but, where the first appeal has not been perfected, a second appeal may be taken. *Nestucca Wagon Road Co.* v. *Landingham,* 24 Or. 439 (33 Pac. 983). An appeal is not perfected until the undertaking required by the statute has been filed and the time allowed by law within which to except to the sufficiency of the sureties has expired. Laws 1901, p. 77.

In the case at bar no undertaking was ever filed pursuant to the first notice. Therefore no appeal was ever taken by virtue of it.

The judgment of the lower court is reversed and the cause remanded.