On motion to dismiss, decided February 27, 1912.

## LEWIS *v.* CHAMBERLAIN.

[121 Pac. 430.]

RECORDS—REGISTRATION OF TITLES TO LAND—APPEAL.

1. Under Chapter 3, Title 48, L. O. L., providing for the registration of titles to land, and declaring, in Section 7203 thereof, that an appeal may be allowed "if prayed at the time of entering the order or decree" and on like terms as in other suits in equity, an appeal does not lie from a decree unless prayed for at the time of its entry.

APPEAL AND ERROR—STATUTORY REMEDY.

2. An appeal is but a statutory privilege and must be taken in the method prescribed by statute.

Decided Feb. 27, 1912.

## ON MOTION TO DISMISS.

[121 Pac. 430.]

From Jackson: FRANK M. CALKINS, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is a suit by Eliza J. Lewis against George E. Chamberlain and all whom it may concern for the registration of real estate. The facts are as follows:

On September 9, 1908, plaintiff made application under the provisions of Chapter 3, Title 48, L. O. L., for the registration of her title to certain property in the city of Medford, and later, no one appearing, obtained a decree

thereof, which was subsequently set aside upon the motion of defendant Chamberlain, who was permitted to answer and defend. In the proceedings thereafter had, Chamberlain was decreed to be the owner of the property and to be entitled to a registration thereof, provided, as a condition precedent, that he should pay into the court the sum of $2,000 for improvements made by plaintiff upon the land, and on May 29, 1909, Chamberlain having made proof of such deposit, the decree was made absolute. On November 16, 1911, plaintiff gave notice of appeal to this court. No appeal was prayed for nor allowed at the time the decree was entered, and an affidavit of the plaintiff's attorney was filed in this court to the effect that he had no notice of the entry of the decree, but, on the contrary, that he was misled by a letter from the trial judge, asking for further authorities upon the case, into a belief that he had not arrived at a final conclusion in the case and would not decide it until such authorities had been submitted. Counsel for respondent moves to dismiss the appeal upon the ground, among others, that it was not prayed for at the time the decree was rendered.

MOTION ALLOWED: DISMISSED.

*Mr. Clarence L. Reames* for the motion.

*Mr. O. C. Boggs* and *Mr. John G. Wilson contra.*   。

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. Section 7203, L. O. L., which is a part of Chapter 3, Title 48, L. O. L., reads as follows:

"The order or decree so made and entered shall, except as herein otherwise provided, be forever binding and conclusive upon all persons. * * An appeal may be allowed to the Supreme Court, if prayed at the time of entering the order or decree, and upon like terms as in other suits in equity. A writ of error may be sued out of the Supreme Court within two years after the entry of the order or decree, and not afterward."

We are of the opinion that the act, providing for the registration of titles and comprising Chapter 3 of Title

48, L. O. L., is intended to be complete in itself and to provide not only a complete procedure for the registration of titles, but a complete remedy for persons who feel themselves aggrieved by any order or decree of the court in relation thereto; and that no appeal will lie from such order or decree unless prayed for at the time the same was entered. Such a decree, if rendered without notice to counsel, would probably be subject to being set aside in the court where rendered as being irregular and therefore voidable; but the application for that purpose should be first made there, and we cannot try out in this court in the first instance the questions raised by the affidavit. The language of the statute that "the order or decree so made and entered shall, except as herein otherwise provided, be forever binding and conclusive upon all persons," is clear and needs no construction. The instances "otherwise provided" are where an appeal is prayed for at the time of entering the judgment, or where a writ of error is sued out within two years. We see no difference in principle between this case and that of *Odell* v. *Gotfrey,* 13 Or. 466 (11 Pac. 190), where it was held that the act providing for procedure in justices' courts was complete in itself on the subject of appeal.

2. The act in question seems somewhat crude and impracticable in many of its provisions, but plaintiff invoked it and is not here questioning its validity. It does not seem to be in general use as a means of perpetuating titles, being more often resorted to as a substitute for a suit to quiet title than for any other purpose. An appeal is not a constitutional right, but a statutory privilege, and must be taken in the method provided by statute. *State* v. *Security Savings Co.,* 28 Or. 410 (43 Pac. 162); *School District* v. *Irwin,* 34 Or. 431 (56 Pac. 413); *Sears* v. *Dunbar,* 50 Or. 36 (91 Pac. 145); *Odell* v. *Gotfrey,* 13 Or. 466 (11 Pac. 190).

The motion to dismiss is allowed. Appeal Dismissed.