## STATE EX REL. *v.* BEMROSE.

(185 Pac. 765.)

**Appeal and Error—Entry in Court Journal Evidence of Notice of Appeal in Open Court.**

1. Under Section 550, L. O. L., as amended by Gen. Laws of 1913, page 617, Section 1, requiring entry in the court journal of notice of appeal, when given in open court, such entry constitutes the

only proof admissible of the giving of such notice, being equivalent to the proof or return made upon written notice served in the usual manner.

**Appeal and Error—Statutory Method to be Strictly Pursued.**

2. The right of appeal being statutory, the method prescribed by statute must be strictly pursued.

From Lincoln: JAMES W. HAMILTON, Judge.

In Banc.

Motion to dismiss appeal allowed.

APPEAL DISMISSED.

*Mr. C. E. Hawkins,* District Attorney, and *Messrs. McFadden & Clarke,* for the motion.

*Mr. B. F. Jones, contra.*

McBRIDE, C. J.—This is a motion to dismiss an appeal.

1. There was a proceeding to oust the defendant from the office of school director of District No. 27, Lincoln County, and a decree adjudging that he was not elected to said office and declaring the same vacant. No written notice of appeal was ever served and there is no record in the journal of the court that any notice of appeal was given in open court. The undertaking on appeal recites that notice was given in open court but as before stated, the journal is silent on that subject.

Section 550, L. O. L., as amended by Section 1, Chapter 319, Gen. Laws of 1913, provides that when notice of the appeal is given in open court, "such notice shall thereupon, by order of the court or judge thereof, be entered in the journal of the court."

2. This entry constitutes the only proof admissible of the giving of such notice, and is equivalent to the proof or return made upon a written notice served in

the usual manner.   The object of the requirement is to secure certainty as to the giving of the notice and to have proof of it made a matter of record at the time instead of leaving the matter to the uncertain memory of the parties.   An appeal, being a statutory right, the method prescribed by statute must be strictly pursued: *Donart* v. *Stewart,* 63 Or. 76 (126 Pac. 608); *Lewis* v. *Chamberlain,* 61 Or. 150 (121 Pac. 430); *Baskin* v. *Marion County,* 70 Or. 363 (141 Pac. 1014), and cases there cited.

It follows that the appeal must be dismissed, and it is so ordered.                       Appeal Dismissed.

Motion to dismiss appeal filed May 3, overruled May 20, argued on the merits October 29, affirmed December 16, 1919.