Carter, J.
The plaintiffs, W. J. Laub and Fred Laub, began this suit against The Warren Guarantee Title & Mortgage Company et al. on November 25, 1931, seeking to recover a judgment of $20,334.52 with interest thereon at 7% from December 15, 1930 upon a promissory note executed by the defendant The Warren Guarantee Title & Mortgage Company and also sought to foreclose the mortgage which was given to secure the note.
Answers and cross petitions were filed by the defendants and on May 7, 1932, the court approved a journal entry granting the plaintiffs a judgment against the defendant The Warren Guarantee Title & Mortgage Company for $22,176.49 and it was further order of the court that unless the defendant, The Warren Guarantee Title & Mortgage Company, should within three days from the entry of the decree pay or cause to be paid to the clerk of the court the costs of the case and to the plaintiffs the sum found due them with interest, the defendant’s equity of redemption be foreclosed and said premises be sold and that an order of sale issue to the sheriff of Trumbull county 'directing him to appraise, advertise and sell said premises as upon execution and report his proceedings to the court for further order. In pursuance of said decree, the defendant having failed to pay the amount of the judgment and costs, a praecipe for order of sale was issued to the sheriff of Trumbull county who caused the real estate described in the petition to be appraised as provided' by law, the appraisers placing a valuation upon said property of $31,500. The sheriff then proceeded to advertise the property for sale and on the day named therein offered the same for sale but the property was not sold for want of bidders as appears by the return of the sheriff.
Thereafter the plaintiffs filed a praecipe for an alias order of sale and the same procedure was had by the *160 sheriff, thj& property being appraised for $30,000, and failing to sell for want of bidders. Thereupon, the plaintiffs filed a motion stating that the property had been twice advertised and offered for sale and remained unsold for want of bidders, and asked the court for a new appraisement of said premises and that the sheriff be ordered to sell said premises subject to such new appraisement. A praecipe was filed and an alias order of sale was again issued to the sheriff who again had the property duly appraised; the valuation placed thereon by the appraisers was $25,000. The sale was duly advertised and held but the property again remained unsold for want of bidders.
Again without securing an order of the court, the plaintiff filed another praecipe for an alias order of sale. The property was appraised for $16,500 duly advertised and was bid in by the plaintiffs for two-thirds of the appraised value, to-wit; $11,000. This sale was thereafter confirmed by the court and the case closed.
At that time Mr. Templeton, attorney at law of this city, was representing the receiver of The Warren Guarantee Title & Mortgage Company, and was suffering from an incurable disease from which he later died. He apparently was not in such condition to give the case his usual attention for it appears that the defendants had paid the plaintiffs $1000 for which it was not given credit; that is admitted. At the time the matter of the sale came on for confirmation there was some discussion between Mr. Templeton and the plaintiff, W. J. Laub, who is an attorney, about the form of the order of confirmation. Mr. Laub had sought in his order .of confirmation to order that an execution be issued against The Warren Guarantee Title & Mortgage Company which was then in the hands of the defendant J. C. • Manternach as receiver. Mr. Templeton at the time objected to the inclusion of an order for execution on the deficiency judgment of' $12,314.90 and the matter was discussed by me with counsel. I examined the law on the question of the court’s right to grant an execution against property which was in the hands of .a receiver appointed by a court of another county of this state and I reached the conclusion that the court had no such right and therefore I struck out of the journal entry confirming *161 the sale the provision for execution. Some time after the death of Mr. Templeton, the firm of Hoppe, Lea, Day & Ford was appointed attorneys for the receiver of The Warren Guarantee Title & Mortgage Company. From an investigation of this case by the. attorneys, they found that a judgment had been taken without credit of $1000 which should have been given to The Warren Guarantee Title & Mortgage Company and they also found that there had been no order of reappraisement made by the .court prior to the filing of the last praecipe for an alias order of sale. The attorneys thereupon filed in this court a motion asking the court to vacate and set aside the order of confirmation of the sale and the deficiency judgment therein given in favor of the plaintiffs and to vacate and set aside the order of reappraisement and sale issued pursuant to plaintiff’s praecipe dated September 15, 1932, which was the last praecipe filed upon the grounds that there was and is an irregularity in the proceedings had for the sale of the real estate described in plaintiff’s petition. The irregularity complained of was the proceedings under the last alias order of sale without procuring the order of'the court for reappraisement of the property as required by Section 11710 and 11711, General Code; and a further irregularity in that the entry of confirmation represented that the sale had in all respects been lawfully and legally conducted; it had been submitted to the court by counsel for the plaintiff without having first submitted the same to counsel for the defendant, J. C. Manternach, as receiver. By their motion they also sought to vacate and set aside the judgment of $22,176.49 granted to the plaintiffs and likewise the deficiency judgment for $12,314.90 for the reason that plaintiffs should have given credit on their note for the payment of $1000 made to them by the mortgage company on March 15,1930.
At the time of the hearing before the court on this motion Mr. Laub stated that before filing his last praecipe for an alias order of sale he had taken the matter up with me and that I had stated that he might have an order of reappraisement and he asked that I now make a nunc pro tunc order in order that the records might be corrected tc chow what actually took place. I do not recall any such *162 conversation with Mr. Laub and for that reason I am not in a position to agree with him. And if it were true that I gave him an oral order for re-appraisement he should have brought the docket in and had the entry made at that time and thereafter prepared and filed a journal entry in conformance with such entry, as courts speak from their records and not from what may be said orally in chambers. Of course, if I were satisfied that I had ordered a reappraisement as Mr. Laub said I did, I could put on such an entry at this time validating the whole matter if it be invalid, but since I have no recollection of the conversation referred to I am not prepared to make a nunc pro tunc order.
The first question presented by this motion is whether or not there was an irregularity in the appraisement and sale of this property. It will be recalled that the second appraisement of the property was not made upon an order of court; the third was so made but the fourth appraisement was not made under an order of the court.
If there was an irregularity, was it such that the court would be'warranted in setting aside the sale? The matter is further somewhat complicated by the fact that this motion was filed after the term in which the decree and confirmation were entered. In the first place I want to call attention to Section 11631, General Code, which provides:
“The Common Pleas Court or Court of Appeals may vacate or modify its own judgment or order after the term at which it was made.”
And there are set forth some ten grounds upon which an order or judgment may be vacated after term. In a recent opinion by the Court of Appeals sitting in Cuyahoga county, Judge Sullivan rendering the opinion, held that courts were limited in vacating or setting aside judgments after term by the provisions of Section 11631. The third sub-section reads as follows:
“For mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order.”
Section 11672, General Code provides:
*163 “When execution is levied upon lands and tenements, the officer who makes the levy shall call an inquest of three disinterested freeholders, residents of the county where the lands taken in execution are situated, and administer to them on oath impartially to appraise the property so levied upon, upon actual view. They forthwith shall return to such officer, under their hands, an estimate of the real value of the property in money.”
Section 11675 provides:
“No tract of land shall be sold for less than two-thirds of the value returned in the inquest.”
True the above sections refer to executions but the courts have held that these sections refer to judicial sales as well as sales on execution.
Section 11711 provides:
“When premises are ordered to be sold, and having been advertised and offered for sale, remain unsold for want of bidders, the court from which the order of sale issued, on motion of the plaintiff or defendant, shall order a new appraisement, and also may order that the land be sold as follows: One-third cash in hand, one-third in nine months from the day of sale, and the remaining third in eighteen months from the day of sale, the deferred payments to draw six per cent interest, and be secured by mortgage on the premises.”
And this is the section under which mortgages are foreclosed and orders issued. It will be observed that the court from which the order of sale issued on motion of plaintiff or defendant shall order a new appraisement and it is claimed that such an order was not made by the court.
What is an irregularity under Section 11631 ? In 23 Oh. Juris, page 1185, paragraph 1076,
“Acts Constituting Irregularity Generally. An irregularity within the meaning of the statute under consideration is a departure in legal procedure from acts which are regular.”
Now applying that statement to the instant case if it was regular to have an order of the court for reappraisement then that regularity was not carried out since no order of *164 reappraisement was secured before the last praecipe for an alias order of sale was filed.
In paragraph 1076 the writer goes on to say:
“It has been defined as the doing or not doing that in the conduct of a suit at law, which, conformably with the practice of the court, ought not or ought to be done; or the want of adherence to some prescribed rule or. mode of proceeding, consisting of either omitting to do something that is necessary for the due and orderly conducting of a suit, or doing it at an unseasonable time or in an improper manner. It has been declared to be some act done, or step taken, by the court, either sua sponte, or upon request or by an officer thereof which is not according to the regular course of proceeding, and by which a party was deprived of the benefit of a defense, without fault on his part.”
And in paragraph 1077 we read:
“A judgment rendered in violation of a valid rule of court is properly set aside, and where the defendant is thereby excluded from participation in a trial, he is entitled to have the judgment vacated as a matter of right. A judgment by default may be set aside during term of court where counsel failed to answer the call of the case because he was engaged in the trial of another cause in another branch of the court, and an agreement existed between him and counsel for the adverse party as to its disposition, and a rule of the court required default not to be taken whenever the attorneys for a party were engaged in the hearing of another cause in another branch of the court. A failure to comply with a rule of court requiring journal entries in contested cases, before filing, to have approval endorsed thereon by counsel of record or by the judge making the docket entry, has been held to constitute an irregularity, within the meaning of the statute, sufficient for the vacation of a judgment.”
In Page’s Ohio Digest, Lifetime Edition, Yol. 7, page 290:
“If a referee’s fees were not provided for in the judgment on his report the court could modify the judgment on motion after term, as for irregularity,
“Judgment obtained in violation of any of the rules of the court — as for example requiring notice — is an irregularity under Section 11631, General Code.”
*165 And in Dayton’s Reports, page 296, in the case of John W. Pike v. John Bradford in discussing that case the court used this language:
“Was the judgment sought to be set aside in this case irregularly obtained. In Paine’s Lessor v. Moreland, 15 Ohio 445, the court distinguishes between a want of power or jurisdiction, wrongful exercise of power, and an irregular exercise of it. And say that “in the first instance, the act or judgment of the court is wholly void, and is as though it had not been done, the second is wrong, and must be reversed upon error; the third is irregular, and must be corrected by motion. And the court by way of definition, say, ‘the latter’ that is, irregularity, ‘is when the power is rightfully exercised, but in an irregular way.’
“Bouvier defines that to be irregular which is done contrary to the common rules of law, as irregular process: which is that issued contrary to law, and the common practice of the courts. And he defines irregularity as ‘the doing or not doing that in the conduct of a suit at law, which conformably with the practice of the court, ought or ought not to be done.’
“Judge Swan as cited by counsel for the defendant, defined irregularity in practice to be the want of adherence to some prescribed rule or mode of proceeding, and it consists in either omitting to do something that is necessary for the due and orderly conducting of a suit, or doing it in an unseasonable time, or improper manner.”
And in 36 Ohio Appeals, 482, is a very enlightening casé on setting judgments aside during term and setting aside after term. The court on page 485 uses this language:
' “An irregularity is a departure in legal procedure from things which are regular. It is something by way of procedure which is unusual and irregular.”
24 Ohio Jurisprudence, page 36, Judicial Sales, paragraph 40:
“As in execution sales, it seems it is not the interest of the debtor in the land, but the land itself, which is to be appraised; and such land cannot be sold by the sheriff for a sum short of two-thirds of the appraised value.
“The sheriff’s deed, when executed, it is true, conveys nothing more than the interest of the judgment debtor, nor can the debtor himself convey anything beyond this. *166 But it is the intention of the law that two-thirds of the actual value of the land shall be received; otherwise it shall not be sold, or, if sold for less, the sale shall be set aside. While the statutory provision requiring such appraisement is, apparently, intended to apply to execution sales, yet, by construction of the various provisions of the code, it would seem that the same rule would apply in case of judicial sales as that of execution sales. So that the appraisers have but one thing to examine and ascertain and that is the ‘value of land’ in money.”
So the author of this work holds it applies to judicial sales as well as sales on execution.
On page 40, paragraph 47, Oath of Appraisers, Necessity:
“An oath must be administered to the appraisers of land for judicial sale that they will impartially appraise such property, and it would seem that unless the appraisers are sworn, the appraisement will be void.
“Further it is the judgment debtor’s legal right that, before the appraisement is made, the appraisers shall make oath that they will appraise the premises at their true cash value.
“When premises are ordered to be sold, and having been advertised and offered for sale, remain unsold for want of bidders, the court from which the order of sale issued, on motion of the plaintiff or defendant, shall order a new appraisement.”
In the case of Guernsey County Commissioners v. Cambridge Village, 3 Ohio Circuit Decisions, page 669, the facts of which I do not deem it necessary to recite, suffice it to say there had been some irregularities in the acts of the village council. The court say:
“In Critchfield v. Porter, 3 O. 520, 523, and in Huntington v. Finch, 3 O. S. 445, 448, it was held that the power to vacate judgments upon motions, for irregularities in obtaining the same, after the term at which they were rendered, was inherent in courts of law of general jurisdiction, and that jurisdiction in such cases is equitable in its character, and that equitable principles should govern in their disposition.”
That is, if there is no good reason why a judgment should be vacated on equitable grounds, then it should not be *167 vacated; but if there are, then the court may take those into consideration even after term.
In the case of Lessee of Patrick v. Oosterout, 1 Ohio Reports 27:
“Lands sold upon execution must be valued, and the valuers must be sworn, or the sale is void.”
In that case decided back in 1822, the holding of the court indicates that the statutes must be strictly followed or the sale thereunder is void.
Again in the case of Lessee of Boal et al v. King et al:
“A writ of fi fa issued without seal from a court having and using a seal, is void, A levy in such writ, and a sale on a subsequnt valid writ, conveys no title.”
In the case of Creditors v. Search, 2 Oh. Dec. Rep. 495:
“Under the Civil Code, Section 433, a copy of the appraisement of lands levied on for sale on execution, must be deposited with the clerk of the court from which the writ issued, before the advertisement of sale, or the sale will, on motion, be set aside.
“Lands taken on execution must be appraised on ‘actual view.’ On motion to set aside a sheriff sale on execution, the court will require a strict compliance with the statute in every particular.”
Now on the question of the equitable powers of the court, I want to mention certain facts in the instant case that have been disclosed in the brief of counsel for the receiver and apparently are correct as no denial thereof has been made by the plaintiff. The property involved in this action is located near the corner of Franklin street and Park avenue in the city of Warren, Ohio, and has a frontage of sixty-three feet on Park avenue. Mr. Buchwalter, who purchased this property from the plaintiff’s father in 1920, also owned a strip of land twenty-one feet adjoining on the south. By his contract with the father of the plaintiffs, Mr. Buchwalter agreed to pay for the sixty-three feet 859,000. of which amount he paid $15,000 in cash, leaving $44,000 owing, and of this $44,000 substantially $23,000 more was paid on the principal, leaving $21,334:52 still *168 owing to the plaintiffs. Thus plaintiffs have received in cash $38,000. Mr. Buchwalter also erected a two-story brick building which covered the sixty-three foot parcel and also the twenty-one foot parcel. The cost of this building was approximately $35,000, three-fourths of which or approximately $25,000 would represent the value of the building upon the Laub land. It will be seen, therefore, that the plaintiffs, if the sale is permitted to stand under the illegal appraisal, are now in the position of saying: “We sold our property; we acquired $38,000 in cash out of it; it came back to us improved with the $25,000 building which makes $63,000 and we still have a deficiency judgment against the receiver for over $12,000,” which if collected would mean that they would have realized $75,000 for property sold for $59,000 and still have the property.
The value of this property as assessed for taxation in 1929 was — Lands $37,390. Building $24,900, making a total of $62,290. In 1930 the total valuation was $62,290; in 1931, it was reduced to $38,850; and in 1932, again reduced to $35,270. This was the property which Mr. Laub bought at the sheriff’s sale for $11,000 after having received $38,000 and also still a deficiency judgment of over $12,000.
If there is any equitable power vested in the court in vacating an order, it seems it ought to be done in this case. I am of the opinion in the light of these decisions that Section 11711 has not been followed and that the proceedings under which the sale was made were irregular.
It is common knowledge that in all of our foreclosure cases if land is once offered for sale and not sold for want of bidders, the party comes into court for an order of reappraisement. It is the regular procedure in the trial of foreclosure cases. I have reached the conclusion that there is such an irregularity as to require the court to set aside this whole proceeding so that the matter shall stand as though no judgment and decree of foreclosure had been entered and counsel may prepare their journal entry to that effect. Exceptions will be noted and I wifi fix the appeal bond at $200.00.