Argued September 29; affirmed October 6; rehearing denied
November 5, 1936

## MOLTZNER *v.* CUTLER ET AL.

(61 P. (2d) 93)

*W. B. Yates* and *John F. Conway,* both of Portland,
for appellants.

*Z. F. Galton* and *Morris A. Goldstein,* both of Port-
land, for respondent.

CAMPBELL, C. J.  On December 23, 1935, a judgment, in the sum of $487.75 and costs, was entered against the defendant Cutler, after trial duly had, in the district court for Multnomah county. On December 31, 1935, defendant filed, in said district court, a notice of appeal from said judgment to the circuit court for Multnomah county.  The proof of service on this notice was defective in that it was substituted service and did not show the existence of the facts authorizing such service as provided by statute.

On January 8, 1936, defendant filed an undertaking and staybond on appeal. Appellant T. A. Reid signed this staybond as surety. On January 8, plaintiff excepted to the surety. On January 10, the surety justified and the bond was approved. On January 21, a transcript was duly filed in the circuit court, and on January 22 plaintiff filed a motion to dismiss the appeal for the reason that the undertaking and staybond had not been filed within the time required by statute.

On February 20, after hearing, the circuit court dismissed the appeal and entered judgment against defendant Cutler and also against the surety in the amount of $487.75, and the costs in the district court in the sum of $22.65, together with the costs in the circuit court amounting to $17. From that judgment, defendant Cutler and Reid, the surety, appeal.

A motion to dismiss the appeal was made in this court, and the motion was denied with the privilege, however, of presenting it again at the time of oral argument. The points relied on in the motion to dismiss were that there was no proof that the service of the notice of appeal from the district court to the circuit court had been made according to law; and that the undertaking on appeal, given in the district court, was filed after the time allowed by statute.

Thereafter, the appellants filed a motion in this court asking permission to amend the return of service of the notice of appeal from the district court to the circuit court. The court disallowed the motion to amend the return, with permission to present the same motion at the time of oral argument.

"There shall be given the right of appeal to either party to an action or proceeding in said district court in all cases where an appeal may now be taken from a justice's court, which shall be taken at the time and in the manner now provided for taking such appeal from the justice's court; said appeal to be taken to the circuit court of the state of Oregon for the county in which said district court is located, and to be heard and determined by said circuit court in the manner now provided by law for the hearing and determining of appeals from justices' courts. * * * § 28-1113, Oregon Code 1930; *Higgins v. Fields,* 150 Or. 528 (47 P. (2d) 235).

The manner of taking an appeal in civil cases from the justice court to the circuit court is provided for in § 16-401, *et seq.,* Oregon Code 1930.

"The undertaking of the appellant must be given with one or more sureties, to the effect that the appellant will pay all costs and disbursements that may be awarded against him on the appeal; but such undertaking does not stay the proceedings unless the undertaking further provide that the appellant will satisfy any judgment that may be given against him in the appellate court on the appeal. The undertaking must be filed with the justice within five days after the notice of appeal is given or filed." § 16-404, Oregon Code 1930.

The right of appeal is created by statute: *Portland v. Gaston,* 38 Or. 533 (63 P. 1051); *Clay v. Clay,* 56 Or. 538 (108 P. 119, 109 P. 129); *Portland v. Nottingham,* 58 Or. 1 (113 P. 28); *Blumauer-Frank Drug Company v. Horticultural Fire Relief of Oregon,* 59 Or. 58 (112 P. 1084); *Keeley v. Keeley,* 97 Or. 596 (192 P.

490) ; and see 2 Or. Digest 202, § 1, where the numerous cases on this proposition are collated.

On the subject of appeals in civil cases from the justice court to the circuit court, Title XVI, Chap. IV, is complete in itself: *Odell v. Gotfrey,* 13 Or. 466 (11 P. 190); *Lewis & Dryden v. Reeves,* 26 Or. 445 (38 P. 622); *Lewis v. Chamberlain,* 61 Or. 150 (121 P. 430); *Nicolson v. Newton,* 71 Or. 387 (142 P. 614).

■ It will be observed that seven days elapsed between the time of filing the notice of appeal and the time of filing the undertaking and staybond on appeal. ''The undertaking must be filed with the justice within five days after the notice of appeal is given or filed.'': § 16-404, *supra.*

''The manner of taking an appeal in the Justice's Court is regulated by the chapter of the code in relation thereto. Section 2458, L. O. L. [§16-404, *supra*], provides that, within five days from the filing of the notice of appeal, an undertaking on appeal must be filed. Counsel for appellant argues that where counsel have acted in good faith, and have neglected to do something required within a certain time, they may be permitted to do the same; but these cases were under the section of the code relating to appeals to this court, and this section does not apply to appeals from justices' courts. The filing of the undertaking was necessary to give the appeal validity, * * *''. *Nicholson v. Newton,* supra.

■ The appellants herein rely on Chapter V of Title VII, Oregon Code 1930, and more particularly on § 7-503 thereof. This section relates only to appeals from the circuit court to the supreme court, and has no application to appeals from the district or justice court to the circuit court: *Nicholson v. Newton,* supra; *Odell v. Gotfrey,* supra; *Lewis & Dryden v. Reeves,* supra.

"The only question presented for the consideration of this court is as to the correctness of the Circuit Court's ruling upon the motion to dismiss the appeal, which turns wholly upon the question of the power of the justice to permit the filing of the undertaking after the time specified in the statute for doing it had elapsed. This court is not inclined in any case to deprive a party of an appeal, where he has made a mistake, if it has authority to do so. We have attempted to discourage any technical practice in reference to dismissing appeals, when it is evident that the party has acted in good faith in the matter. But however liberally disposed the court may be in such matters, it cannot override provisions of statutes.

*　　　*　　　*　　　*　　　*

But the respondent's counsel contends that subdivision 4 of section 527 of the Civil Code [§ 7-503, Oregon Code 1930] applies to cases of appeal from judgments of Justices' Courts　*　*　*　And the whole question turns upon its applicability to Justice's Court proceedings in case of appeal. In the case of Herman v. Kyle, decided at the present term of this court, it was held that subdivision 2 of said section 527, Civil Code, did not apply to appeals from Justices' Courts. We concluded in that case, though no opinion was written, that the Justice's Code was complete in itself upon the subject of appeal.　*　*　*　I can discover no reason for changing the view the court then entertained upon the subject." *Odell v. Gotfrey*, supra.

■ The appellant Reid contends that because the action was dismissed by the circuit court on account of a defective appeal judgment could not be rendered against the surety. This contention is untenable: § 16-411, Oregon Code 1930; *Currier v. Anderson*, 136 Or. 440 (299 P. 704).

Finding no error, the judgment of the circuit court will be affirmed.

It is so ordered.