Argued October 11, affirmed November 8, 1968

# HULEGAARD, *Appellant, v.*
# GARRETT, *Respondent.*

446 P. 2d 975

*Ernest Lundeen,* Eugene, argued the cause and filed a brief for appellant.

*Richard W. Butler,* Eugene, argued the cause for respondent. On the brief were Thwing, Atherly & Butler.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

LUSK, J.

This action was commenced in the District Court for Lane County where, after a trial, judgment for his costs and disbursements was entered in favor of the defendant, the respondent here. Plaintiff attempted to appeal from that judgment to the circuit court which, on motion, dismissed the appeal for want of jurisdiction. The only question on this appeal is as to the correctness of the order of dismissal. The parties

will be referred to by their designation in the lower courts.

Judgment for defendant was entered in the district court on September 6, 1967. Plaintiff filed notice of appeal on September 12. The notice was insufficient because proof of service was not indorsed thereon as required by ORS 53.030, and was inaccurate because it stated that the defendant, instead of the plaintiff, appealed, and designated August 31, instead of September 6, as the date of the judgment.

On September 19 plaintiff filed in the circuit court an undertaking on appeal. It was not in time, as ORS 53.040 provides that the undertaking must be filed within five days after the notice of appeal is given or filed. The surety named in the undertaking did not sign it, but signed only the justification.

On September 22 plaintiff filed, apparently in the district court, a so-called "Amended Notice of Appeal" which stated, correctly, that the plaintiff appealed, but, again, gave inaccurately August 31, 1967, as the date of the judgment. Service by mail of the notice on the attorney for the defendant was endorsed on the instrument.

On October 18 defendant filed a motion to dismiss the appeal and on October 23 plaintiff filed in the circuit court a new undertaking on appeal which was properly executed by his surety.

On November 22 the circuit court, after twice having heard argument on the motion to dismiss, allowed it, and on November 30 entered judgment for the defendant. This appeal is taken from that judgment.

The ruling of the circuit court was correct.

The procedure for taking an appeal from a judgment of the district court to the circuit court is the same as that prescribed for taking an appeal from a judgment of the justice of the peace court, ORS 46.250. ORS 53.030 provides in part:

"An appeal is taken either by giving oral notice thereof in open court at the time of the rendition of the judgment appealed from, which shall be the only notice required, or at any time within 30 days thereafter by serving a written notice thereof on the adverse party, or his attorney, and filing the original with the proof of service indorsed thereon with the justice, and by giving the undertaking for the costs and disbursements on the appeal, as provided in ORS 53.040. * * *"

ORS 53.040 provides: "* * * The undertaking must be filed with the justice within five days after the notice of appeal is given or filed."

As we have already indicated, the first notice of appeal was fatally defective because proof of service was not endorsed on it. Its statement that the defendant appealed instead of the plaintiff may also have been fatal. At any rate, nothing is claimed by the plaintiff for the first notice of appeal. We may assume for present purposes that the second notice of appeal was good, even though it contained a mistaken date of the judgment. See *Moorhouse v. Donica,* 13 Or 435, 11 P 71; *Watts v. State Spiritualists' Association,* 56 Or 56, 107 P 695.

Neither is anything claimed by the plaintiff for the second undertaking which was properly executed, but was not filed until October twenty-third. Plaintiff's contention is that the first undertaking filed on September nineteenth was a valid obligation of the surety and compliance with the statute. He urges that the

surety would be held liable even though she did not sign the undertaking because her name appears in it and she did sign the justification printed on the back of the undertaking. 49 Am Jur 695-698, Statute of Frauds §§ 392, 393, is cited. There is authority for this view: *Yakima Water etc. Co. v. Hathaway*, 18 Wash 377, 380, 51 P 471; *Smith v. Phillips*, 168 La 406, 122 S 126; *Iowa Cord Tire Co. v. Cheape*, 162 La 935, 111 S 333.

■ Nevertheless, the appeal must be dismissed because the undertaking was not filed within the statutory time. In numerous cases we have held that this is a jurisdictional requirement in an appeal from the justice of the peace court: *Todd v. Bigham*, 238 Or 374, 379, 390 P2d 168, 395 P2d 163;[1] *Moltzner v. Cutler*, 154 Or 573, 61 P2d 93; *Nicholson v. Newton*, 71 Or 387, 142 P 614; *Gobbi v. Refrano*, 33 Or 26, 52 P 761; *Odell v. Gotfrey*, 13 Or 466, 11 P 190.

■ Here the undertaking was served and filed before the second notice of appeal was filed. The statute says that it *"must* be filed with the justice within five days' *after* the notice of appeal is given or filed." (Italics added.) Plaintiff says the real meaning of the statute is that "the undertaking must be filed prior to five days after the notice of appeal is filed." This is contrary to the wording of the statute and contrary to our decisions: *Rogers v. King*, 245 Or 627, 634, 423 P2d 761; *Hawthorne v. City of East Portland*, 12 Or 210, 6 P 685; *Weiss v. Jackson County*, 8 Or 529.

■ Since dismissal of his appeal is a serious matter to a litigant, we have re-examined the question whether an undertaking filed before filing the notice of appeal

---

[1] The opinion in this case was modified on rehearing, but not as to the point here under discussion. See 238 Or 389.

is valid. As we noted in *Rogers v. King,* supra, the decisions of some courts are opposed to ours on this question. The Montana Court, for example, in a well-considered opinion, held in *Young v. Waldrop,* 111 Mont 359, 109 P2d 59, that the word "within" used in connection with time indicates only the final limit and not the starting point, and, hence, that an undertaking given before a notice of appeal was filed complied with the statute which provided that "the appeal is ineffectual for any purpose unless, within five days after service of the notice of appeal, an undertaking be filed," etc.

Such a construction of our statute governing appeals from the justice of the peace court is not acceptable for reasons stated in *American Surety Co. v. Superior Court,* 218 Calif 377, 23 P2d 508. The court in that case held that an undertaking might properly be filed before filing of the notice of appeal under a statute requiring the undertaking to be filed within five days after filing of the notice of appeal. Earlier cases were to the contrary.[2] But the court pointed out that those cases were decided under a statute which since had been changed, that the old statute contained no provision for service of the undertaking, while the new statute required service of notice of filing the undertaking on the respondent, and that "for the protection of the respondent it was proper to declare a definite time within which he might expect the undertaking to be filed and thus bring into being the right to except to the sufficiency thereof." 218 Calif at 380. Our present statute, like the former California statute, contains no provision for service of the undertaking,

[2] Two of these cases: Buckholder v. Byers, 10 Calif 481, and Dooling v. Moore, 19 Calif 81, were cited with approval in Weiss v. Jackson County, 8 Or 529, supra.

ORS 53.030; 53.040. A respondent is given five days after the filing of the undertaking to require the surety to justify: ORS 53.070. Under the construction of ORS 53.040 previously adopted by this court the respondent is advised as to when this time begins to run, because the undertaking must be filed within five days after the notice of appeal is served and filed. Under the construction urged by the plaintiff the respondent would not be so advised in the case of an undertaking filed before notice of appeal is given. We adhere to our former decisions.

ORS 53.120 provides:

"An appeal cannot be dismissed on the motion of the respondent on account of the undertaking therefor being defective, if the appellant before the determination of the motion to dismiss will execute a sufficient undertaking and file it in the appellate court, upon such terms as may be deemed just."

■ Apparently plaintiff attempted to avail himself of this statute when he filed his second undertaking on October twenty-third before the motion to dismiss was determined, but, as stated, he does not now rely on it and he could not successfully, because the statute can only be invoked when a "defective" undertaking has previously been given, and not where, as in this case, there is in legal contemplation no undertaking whatever: *Heiney v. Heiney*, 43 Or 577, 582, 73 P 1038.

■ Since 1870 the law regulating appeals from the circuit court to the Supreme Court has contained a provision similar to ORS 19.033 (3) giving this court the power to relieve from the omission of any act, including the giving of an undertaking, required by the statute, save only the notice of appeal. See Hill's Annotated Laws of Oregon § 537. The law regulating

appeals from the justice of the peace court to the circuit court has never contained such a provision. ORS 53.120, to which we have referred above, has been in the law from the beginning, Deady 597, § 76, but is limited in scope. It does not cover the complete omission to perform a required act and applies only if a sufficient undertaking is filed, evidently with the consent of the court, before a motion to dismiss the appeal has been determined.

If there was a good reason for this distinction in 1870 we know of none today. In 1959 the legislature adopted a new and improved code governing appeals from the circuit court to the Supreme Court, ORS 19.010 to 19.190. Our consideration of this case suggests the need for improvement in the justice of the peace appellate code.

The judgment is affirmed.