Submitted on briefs February 9, affirmed September 10, 1973

CURRY, *Respondent, v.* POPE, *Appellant.*

513 P2d 792

Jane Edwards and Keith Burns, Portland, filed a brief for appellant.

L. B. Sandblast, Portland, filed a brief for respondent.

TONGUE, J.

Defendant appeals from a judgment of the circuit court dismissing his appeal from a judgment of the district court. That appeal was dismissed by the circuit court on the ground that defendant had failed to file his undertaking on appeal within the time required by statute. We affirm.

ORS 46.250 provides that an appeal from the district court to the circuit court "shall be taken at the time and in the manner provided for taking an appeal from the justice's court." On appeal from the justice court to the circuit court an undertaking must be filed as required by ORS 53.040, which provides:

> "The undertaking of the appellant must be given with one or more sureties, to the effect that the appellant will pay all costs and disbursements that may be awarded against him on the appeal. The undertaking does not stay the proceedings unless the undertaking further provides that the appellant will satisfy any judgment that may be given against him in the appellate court on the appeal. *The undertaking MUST be filed with the justice within five days after the notice of appeal is given or filed.*" (Emphasis added)

Defendant filed his undertaking six days after his notice of appeal, instead of five days as required by ORS 53.040. Plaintiff filed a motion to dismiss the appeal upon the ground that it was not perfected as required by ORS 53.040. In support of that motion plaintiff cited our decision in *Hulegaard v. Garrett,* 251 Or 535, 446 P2d 975 (1968).

Defendant concedes that this court, in a series of six previous decisions, including *Hulegaard,* and extending from 1886 to 1968, has held that the filing of an undertaking within the time prescribed by ORS 53.040 is mandatory and jurisdictional and that the circuit court has no power to extend the time for filing.[1]

Defendant asks that we overrule these cases upon the ground that such a rule is "a trap for the unwary"; that it is a "court-made" rule; that in other cases this court has held similar requirements to be nonjurisdictional.[2] Defendant also contends that the rule is anomalous because the statute governing appeals from circuit courts to the Supreme Court and Court of Appeals (ORS 19.033 (3)) makes the filing of an undertaking nonjurisdictional by providing that the court has power to relieve a party from omissions in taking an appeal, including the filing of an undertaking, and that "there is no reason why there should be a difference in the procedures for appeal to the circuit courts and to the appellate courts."[3]

[1] These cases include: Hulegaard v. Garrett, 251 Or 535, 446 P2d 975 (1968); Todd v. Bigham, 238 Or 374, 390 P2d 168, 395 P2d 163 (1964); Moltzner v. Cutler, 154 Or 573, 61 P2d 93 (1936); Nicholson v. Newton, 71 Or 387, 142 P 614 (1914); Gobbi v. Refrano, 33 Or 26, 52 P 761 (1898); and Odell v. Gotfrey, 13 Or 466, 11 P 190 (1886).

[2] These cases include State ex rel Kalich v. Bryson, 253 Or 418, 453 P2d 659 (1969), and Stroh v. State Accident Insurance Fund, 261 Or 117, 492 P2d 472 (1972). See also Millard v. Mitchell Bros. Truck Lines, 261 Or 165, 492 P2d 783 (1972). But see Stiehl v. Green, 260 Or 315, 491 P2d 1183 (1971).

[3] ORS 19.033 (3) provides:

"After the Supreme Court or the Court of Appeals has acquired jurisdiction of the cause, the omission of a party to perform any of the acts required in connection with an appeal, or to perform such acts within the time required, shall be cause for dismissal of the appeal. In the event of such

(Continued on page 330)

We do not disagree with defendant's contention that there is no good reason why there should be such a difference in two appeal procedures. We cannot agree, however, that the desirability of eliminating that difference can justify the means by which defendant would ask this court to attain that result. We also do not agree with defendant's contention that this is a "court-made" rule, subject to change by the court— at least in the usual sense and context.

The problem in this case arises not only from the fact that the procedure for appeal from justice (and district) courts is a statutory procedure for appeal and includes a statutory requirement held by this court over many years to be a mandatory and jurisdictional requirement (i.e., that "must" means "must"). The problem also arises from the additional fact that the corresponding statutory procedure for appeals from circuit courts was expressly amended by the legislature to remove this "trap."

The procedure for appeal from the justice (and district) courts and the procedure for appeal from the circuit courts are both statutory. The justice court appeal procedure expressly provides (by ORS 53.040) that an undertaking *"must"* be filed within five days after the notice of appeal and includes no provision authorizing the court to excuse a failure to do so. The circuit court appeal procedure, however, was amended in 1959 to include, as ORS 19.033 (3), a provision which expressly authorizes this court to excuse the failure to file an undertaking within the period other-

---

(Continued from page 329)

omission, the court, on motion of the respondent or, on its own motion, may dismiss the appeal. An appeal dismissed on the court's own motion may be reinstated upon showing of good cause for such omission."

wise required. (Oregon Laws 1959, ch 558, § 6 (3), p 987.)

■ In 1968 this court, in *Hulegaard v. Garrett, supra,* not only reviewed its previous decisions on this point, but also took note of the new provision in ORS 19.033 (3) relating to appeals from the circuit court and the absence of a similar provision in the statute relating to appeals from the justice courts. The court concluded, however, that the correction of this discrepancy between the two statutory procedures for appeal is a matter for the legislature, rather than one which can properly be made by this court.[4] Accordingly, this court in *Hulegaard* adhered to its previous decision in holding that this provision of ORS 53.120 is both mandatory and jurisdictional. We are still of the same view.

■ We may agree that it would be desirable that a similar change be made in the procedure for appeals from justice and district courts, so as to make the two procedures the same and so as to remove this "trap

---

[4] In so holding, this court said (at 541-42):

"Since 1870 the law regulating appeals from the circuit court to the Supreme Court has contained a provision similar to ORS 19.033 (3) giving this court the power to relieve from the omission of any act, including the giving of an undertaking, required by the statute, save only the notice of appeal. See Hill's Annotated Laws of Oregon § 537. The law regulating appeals from the justice of the peace court to the circuit court has never contained such a provision. ORS 53.120, to which we have referred above, has been in the law from the beginning, Deady 597, § 76, but is limited in scope. It does not cover the complete omission to perform a required act and applies only if a sufficient undertaking is filed, evidently with the consent of the court, before a motion to dismiss the appeal has been determined.

"If there was a good reason for this distinction in 1870 we know of none today. In 1959 the legislature adopted a new and improved code governing appeals from the circuit court to the Supreme Court, ORS 19.010 to 19.190. Our consideration of this case suggests the need for improvement in the justice of the peace appellate code."

for the unwary." Under these circumstances, however, we believe that any such change must be made by the legislature by amendment to the statutes which prescribe the procedure for appeals from justice and district courts and that in the absence of such an amendment such a change cannot properly be made by this court.

For these reasons we again adhere to our previous decisions on this matter and therefore affirm the order of the circuit court dismissing this appeal from the district court.

O'CONNELL, C. J., dissenting.

The majority opinion has interpreted ORS 46.250 in a rigid and formalistic manner. It concedes that there is no good reason for making jurisdictional the requirement that an undertaking be filed within the time specified in the statute. It reasons, however, that the 1959 legislative action concerning ORS 19.033 (3) reflects a legislative intent with respect to ORS 46.250 to retain its timing requirement as jurisdictional.

This argument suggests that the majority believes the legislature made a substantive change in the procedure on appeal from the circuit court in 1959. In fact, it did not. The discretion now found in ORS 19.033 (3) has been part of our appellate procedure since at least 1870.[1] This was recognized in *Hulegaard v. Garrett*, 251 Or 535, 446 P2d 975 (1968). Significantly, this court did not construe the timing requirement now found in ORS 46.250 to be jurisdictional until 1886.[2] Since that time, the legislature has

---

[1] See e.g., § 10-803, OCLA; Simison v. Simison, 9 Or 335 (1881).

[2] Odell v. Gotfrey, 13 Or 466, 11 P 190 (1886).

brought forward both procedures without substantive change. Such action hardly suggests that the legislature has consciously chosen to retain the discrepancy between the two statutes. For this reason, I find the majority's reasoning with respect to legislative intent unpersuasive.

But even if the court's legislative history were accurate, its use of the 1959 action is unjustified. For it is based on an unrealistic supposition which attributes to the legislative process a refinement in the drafting of statutes which does not in fact exist. There are numerous instances in which the legislature has, in the course of making a revision of the law, inadvertently overlooked a statute clearly intended to be amended. When that is the case, the courts should feel free to read into the statute that which the legislature clearly intended to put there. If it turns out this assessment is inaccurate, the legislature can easily reinstate the old rule.

The majority opinion states that "[w]e also do not agree with defendant's contention that this is a 'court made' rule, subject to change by the court—at least in the usual sense and context." But in the next sentence the majority tells us that it was the court and not the legislature which decided that "must" means "must" in interpreting the statute. Since we are dealing with a "court made" rule, we are privileged, and I would say obligated, to repudiate it once we have concluded that there was no reason for adopting it in the first place. This is especially true when we are dealing with a rule of procedure rather than substantive law, since change in this area has little or no disruptive effect on the parties' real world conduct.

It is difficult to determine whether the ma-

jority has concluded that it is forced to its conclusion because the legislature has ordained it, or because we decided the question in *Hulegaard v. Garrett,* 251 Or 535, 446 P2d 975 (1968) and are bound by that decision under the doctrine of *stare decisis.*

I have already explained why I think that there is no legislative mandate making jurisdictional the time requirement in ORS 46.250. With respect to the doctrine of *stare decisis,* I can only say that we would retrogress into the sterile formalism of the past if we were to apply it to perpetuate an admittedly indefensible holding such as we find in our previous cases interpreting ORS 46.250 and 19.033 (3). We have demonstrated over and over again that we have the courage and wisdom to correct our previous errors. A notable example is our decision in *Hungerford v. Portland Sanitarium,* 235 Or 412, 384 P2d 1009 (1963), abolishing the charitable immunity doctrine. And it should be noted that in that case we also repudiated the view previously held (and now being resurrected) that legislative inaction signals legislative intent.

My concern over the opinion which the court hands down today is not simply that it produces an unfair result in this case, but that it employs and endorses a rigid and mechanical approach in the interpretation of statutes and in the application of the doctrine of *stare decisis,* thus setting a narrow pattern of adjudication which is likely to inhibit the court in the future.

DENECKE and HOLMAN, JJ., join in this dissent.