WARD vs. SYME and others.

Where the sureties in a bond given on a writ of error, were excepted to and failed to justify, in consequence of which the writ of error was superseded; *held*, that the sureties were thereby discharged.

APPEAL from a judgment rendered in the New-York common pleas, in favor of the defendants, in an action of debt upon a bond given on the prosecution of a writ of error, to remove one of the judgments of that court.

*E. C. Gray*, for appellant.

*H. H. Burlock*, for respondents.

BRONSON, Ch. J.   The suit is on an error bond, and the writ of error was superseded because the sureties, to whom exception was taken, failed to justify.  The rule formerly was, that special bail when sued as their recognizance, could not defend on the ground that there had been an exception and failure to justify : the remedy was by motion to have their names struck out of the bail piece, or that an exoneretur be entered.  (*Van Duyne* v. *Coope*, 1 *Hill*, 557 ; *Humphrey* v. *Leite*, 4 *Burr*. 2107 ; *Bramwell* v. *Farmer*, 1 *Taunt*. 427 ; *Gould* v. *Holmstrom*, 7 *East*, 580 ; *Fulke* v. *Bourke*, 1 *W. Black*. 462 ; *Waller* v. *Green*, *Sayer's Rep*. 308.)  But from the papers with which we have been furnished, it satisfactorily appears that the court of errors, at its December sitting in the year 1844, in the unreported case of *Drummond & Watson* v. *Anderson*, decided that the sureties in

[172] an error bond, after exception and failure to justify, were discharged, and that this was a good defence to an action on the bond. The case is in point; and as it is only a question of practice—the bail being entitled to relief in some form, in such cases, when they apply in due time—we think the decision should be followed, although it was not in accordance with the former rule. On this ground, and without considering the other questions made by the defendants, we are of opinion that the judgment should be affirmed.

Judgment affirmed.