## SIMISON *v.* SIMISON.

### APPEAL—SURETIES—UNDERTAKING.

In taking an appeal from a judgment or decree, a party is not entitled to substitute a new undertaking, with different sureties, under section 115 of the civil code, providing for the justification of bail on arrest.

If the appellant fails to file a sufficient undertaking within the time allowed by statute, he must apply for leave of the court to file it, if he wishes to perfect his appeal.

APPEAL from Linn.

*R. S. Strahan*, for appellant.

*Powell & Bilyeu*, for respondent.

By the Court, WATSON, J.:

This is an appeal from the decree of the circuit court for Linn county, reversing a decree of the county court of that county, ordering a sale of certain real property belonging to said estate, for the payment of claims against it, secured by mortgage on such property.

L. H. Montanye, administrator of the estate of Simison, appellant here, but respondent in the circuit court, moved to dismiss the appeal in that court, for want of an undertaking,

which motion was overruled; and this ruling of the circuit court is the first error complained of here.

The record shows that a notice of appeal from the decree of the county court was duly served and filed, and also that an undertaking for the appeal, in due form, was filed within the ten days ensuing. That within five days after the filing of the undertaking, exceptions to the sufficiency of the surety were duly filed by the administrator. That within ten days thereafter the appellants in the circuit court, respondents here, notified the administrator that on a certain day they would appear before the clerk of the county court and give a new undertaking, with a different surety, under section 115 of the civil code, the time designated being not less than five nor more than ten days after giving such notice.

The administrator did not appear, and the new undertaking was executed and filed in pursuance of the notice. The notice of appeal was served and filed September 8, 1879, and the new undertaking executed and filed on the 27th day of the same month.

These facts presented the question squarely, whether a party attempting, in good faith, to take an appeal from a decree of the county court, and having caused a notice of appeal to be served and filed, and also having filed an undertaking in due form, within ten days thereafter, can, in case the sufficiency of the sureties is excepted to by the opposite party, and they cannot or will not justify, proceed, as in the case of bail on arrest, under section 115, and file a new undertaking for appeal, with new and unexceptionable sureties, after the ten days succeeding the service of the notice of appeal have expired. Respondents claim that this can be done, under subdivision three of section 527 of the civil code, which is in these words :

" 3. The qualifications of sureties, in an undertaking on an appeal, shall be the same as bail on arrest, and if excepted to they shall justify in like manner."

Thus it will be seen the provisions of the chapter on arrest

and bail are referred to, and of course govern for two purposes. First, to ascertain the qualifications of sureties; second, the mode of their justification when excepted to for insufficiency.

The giving of a new undertaking of bail is a distinct provision from the justification of the sureties on the original undertaking, and is peculiar to the proceedings under arrest and bail. It is a right not expressly given to a party seeking to appeal from a judgment or decree, and one which cannot be implied from the reference in the subdivision quoted.

However just or appropriate such a remedy may appear to be in cases of this character, it is enough to say that the legislature has not given it. Subdivision 4 of section 527, directly on the subject of appeals, contains ample provisions for the relief of parties under such circumstances, and in our judgment affords the only legal mode of proceeding to obtain it.

This view of the law regulating the mode of taking appeals, prevents any consideration of the questions presented upon the merits of the case.

The court below had no jurisdiction to proceed to a final determination on the merits, there being, in legal contemplation, no undertaking for the appeal. The decree of the circuit court must be reversed and the appeal to that court dismissed.

Decree reversed.