Decided 15 April, 1901.

**UNITED STATES TRUST CO. *v.* MARQUAM.**

[64 Pac. 643.]

Abandoned Appeal—Affirmance*—Rules of Court.

Under Rule 14 of the supreme court, providing that, if the appellant abandon his appeal, the opposite party, by presenting certain parts of the record to the supreme court, may have the judgment affirmed on motion, a judgment from which an appeal has been taken may be affirmed for abandonment, on motion, where the surety on the undertaking refuses to justify within the required time, and no transcript has been filed in the supreme court.

From Multnomah: John B. Cleland, Judge.

Suit by the United States Mortgage and Trust Co. and another against P. A. Marquam and others, in which some of the defendants partially appealed.   One of the plaintiffs now moves for an affirmance of the decree for failure to prosecute the appeal.        Motion Allowed.

*Mr. Wallace McCamant,* for the motion.
*Mr. U. S. G. Marquam, contra.*

*Note.—A second appeal was perfected in this case, and it is reported under the name of *United States Mortgage Co.* v. *Marquam,* later in this volume.—Reporter.

Mr. Chief Justice Bean delivered the opinion.

This is a motion for an order affirming the decree of the court below on the ground that the appeal has been abandoned. It was taken in open court on the 20th of December, 1900, and an undertaking filed therein within the time allowed by law, with one Charles E. Hill, as surety. The sufficiency of the surety was excepted to, and he refused to justify. The appellant was thereupon given an extension of time in which to file a new undertaking, but neglected to do so, and has failed to file a transcript in this court. The respondent Title Guaranty & Trust Co., now moves for an order of affimance, under Rule 14 of this court (35 Or. 587, 600). The appellant resists the motion on the ground that the appeal was never perfected, and therefore this court has no jurisdiction for any purpose. This position is undoubtedly sound, so far as the right to hear and determine the cause, or any questions arising therein, is concerned (*Henrichsen* v. *Smith,* 29 Or. 475, 42 Pac. 486, 44 Pac. 496) but it has been the practice in this state, ever since the decision in *Heatherly* v. *Hadley,* 2 Or. 117, for the respondent, in case of an abandoned appeal, to bring into this court certain portions of the record, and have the judgment or decree affirmed *pro forma.* Out of this practice has grown Rule 14 (35 Or. 587, 600), providing a means by which respondent may have the fact that an appeal has been abandoned made a matter of record. The present motion is within the rule, and is therefore allowed.        Affirmed.