Decided 10 June, 1901.

## NEWBERG ORCHARD ASSOCIATION *v.* OSBORN.

[65 Pac. 81.]

DISMISSING APPEAL—LEAVE TO FILE NEW UNDERTAKING.

The practice in allowing appellants to file new undertakings under Hill's Ann. Laws, § 537, subd. 4, has been liberal, to the end that rights may not be lost through some mistake or oversight, but after the omission or error has become known to the appellant, at least ordinary diligence must be exercised in correcting it; thus, where a surety on an appeal bond did not justify upon exceptions to his qualifications, but appellant filed the transcript without making any effort to provide a new surety, an application some nine months later for permission to file a new undertaking should be refused.

Appeal from Yamhill County.

Action by the Newberg Orchard Association against J. T. Osborn. From a judgment in favor of plaintiff, defendant appeals. The case is now heard on a motion to dismiss the appeal.                        DISMISSED.

*Mr. Arthur C. Spencer*, for the motion.

*Mr. John H. Wooodward, contra.*

PER CURIAM. In June, 1900, the plaintiff recovered judgment against the defendant in the circuit court for Yamhill County, from which the defendant appealed by serving a notice thereof on August 22, and filing an undertaking on the first of the September following, with Oscar Cox as surety. Exceptions were filed to the sufficiency of the surety, and the defendant gave notice that he would produce him for justification before the clerk of the court at McMinnville on the twenty-fifth of September, 1900, at 11 o'clock A. M., but failed to do so, whereupon the exceptions were allowed and the undertaking was rejected. Defendant took no further steps in the matter of furnishing a sufficient undertaking, but filed the transcript of the cause in this court on the twenty-second day of De-

cember, 1900.   Plaintiff now moves to dismiss the appeal for want of an undertaking, and the defendant asks permission to file a new one, averring that, at the time the former was executed and the notice for the justification of the surety served, he and his counsel believed the surety to be qualified, but afterwards ascertained that he could not justify because he was not a freeholder or householder, and therefore did not produce him for justification.   The statute provides (Hill's Ann. Laws, § 537, subd. 4):  "when a party in good faith gives due notice of an appeal from a judgment or decree, and thereafter omits, through mistake, to do any other act, including the filing of an undertaking or other act as provided in this section, necessary to perfect the appeal, or to stay proceedings, the court or judge thereof, or the appellate court, may permit an amendment, or performance of such act, on such terms as may be just."   Under this provision, an appellant may have leave to perfect his appeal by filing a new undertaking, upon a showing that the omission to file a sufficient undertaking in the first instance was through excusable mistake or inadvertence : *Pencinse* v. *Burton*, 9 Or. 178 ; *De Lashmutt* v. *Sellwood*, 10 Or. 51.   But it ought not to be granted where there has been a want of reasonable diligence in remedying the mistake after its discovery.   The record discloses that the surety is the stepson of the defendant ; that he represented him at the trial of the cause, and was in constant communication with his counsel ; that, after it was discovered he could not justify, no further action was taken or attempt made to comply with the statute, nor was any application made to the court below or to this court for permission to file a new undertaking until after the motion to dismiss was brought on for hearing.   The statute was designed to prevent the failure of an appeal taken and prosecuted in good faith, through an excusable mis-

take of the appellant, and to this end should receive a liberal construction. This court, in recent years, at least, has given considerable latitude in matters of this kind, and is reluctant to permit an appeal to fail when it can be avoided; but it can not overlook the statute, or relieve a litigant from the result of his own indifference or want of care. When exceptions are filed to the sureties on an undertaking on appeal, and they fail to justify, the appellant may abandon his appeal and take a new one (*Van Auken* v. *Dammeier*, 27 Or. 150, 40 Pac. 89), or he may apply to this court or the court below for leave to file a new undertaking (*Simison* v. *Simison*, 9 Or. 335; *Matlock* v. *Wheeler*, 29 Or. 64, 40 Pac. 5, 43 Pac. 867). But, in availing himself of the statute above quoted, he must show that he has at least exercised ordinary diligence in the matter. He can not utterly ignore exceptions to the sureties, and expect the court to relieve him from the consequence of his negligence. The motion for permission to file a new undertaking at this time must therefore be denied, and the appeal dismissed.        DISMISSED.

Decided 10 June, 1901.