On motion to dismiss, decided May 12, 1908.
Argued· Feb. 25, decided March 8 ; on rehearing, former opinion overruled
April 12, 1910.

## MOOREHOUSE v. WEISTER.

[95 Pac. 497 ; 107 Pac. 470 ; 108 Pac. 121.]

APPEAL—TRANSCRIPT—TIME FOR FILING.
1. Section 549, B. & C. Comp. 1901, provides that from the expiration of the time allowed to except to the surety in an undertaking on an appeal or from the justification thereof, if excepted to, the appeal shall be deemed perfected. Section 553 provides that within 30 days thereafter the appellant shall file a transcript in the Supreme Court. *Held,* that a justification is not completed until the examination of the surety before the clerk at a time and place specified has been had, the reduction of such examination to writing, the signing of the same by the surety when requested, and a finding that the surety is sufficient by the clerk evidenced by his indorsement on the undertaking, and hence a transcript filed within 30 days after indorsement by the clerk on the undertaking was filed in time.

TRIAL—INSTRUCTIONS—CURE OF ERRONEOUS INSTRUCTIONS.
2. Where, in an action for goods sold, the court in its charge inadvertently assumed their value to be $517, their alleged price, which was

denied, and charged that, if the goods were sold as claimed, it would be the jury's duty to return a verdict for $517 as alleged, the assumption was reversible error not cured by stating that the jury were the exclusive judges of the facts.

APPEAL AND ERROR—RESERVATION OF GROUNDS OF REVIEW—NECESSITY FOR EXCEPTIONS—INSTRUCTIONS.

3. The correctness of an instruction cannot be reviewed, where no exception was saved thereto.

Decided May 12, 1908.

## ON MOTION TO DISMISS.

[95 Pac. 497.]

From Multnomah: THOMAS O'DAY, Judge.

1. PER CURIAM: This is a motion to dismiss an appeal because the transcript was not filed within the time required by law. The notice of appeal and undertaking were served and filed on January 4, 1903. Respondent excepted to the sufficiency of the surety, and appellant thereupon gave notice that it would produce him before the clerk of the court for justification on January 11th. The surety appeared at the time stated, and was examined under oath touching his sufficiency; his examination being taken in shorthand. The respondent requested that his testimony be reduced to writing and signed by him, and the shorthand notes were subsequently extended, and on January 25th the surety appeared before the clerk, signed his testimony, and on that date the clerk found the surety sufficient, annexed the examination to the undertaking, and indorsed his allowance thereon. The transcript was filed in this court on the 22d of February, or within 30 days thereafter. The statute (B. & C. Comp. 1901, § 549) provides that, from the expiration of the time allowed to except to the surety in an undertaking on an appeal, or from the justification thereof, if excepted to, the appeal shall be deemed perfected, and within 30 days thereafter the appellant shall file a transcript or abstract with the clerk of this court (section 553). When the sureties on an undertaking for an appeal are excepted to,

the transcript must thereafter be filed within 30 days (unless the time is extended in the manner provided by law) after the justification of the sureties, and the question for dismission is whether the justification is at the time the surety appears before the officer for examination or at the time the examination is completed, and the undertaking approved. Under the statute the justification of a surety consists in his examination before the officer at a time and place specified, the reduction of such examination to writing, and signing of the same by the surety, when requested, and a finding that the surety is sufficient by the officer before whom the examination is had, which is evidenced by the indorsement on the undertaking. Sections 271, 272. Until these several acts are performed, the justification, in our opinion, is not complete, or the appeal perfected.

The transcript was therefore filed within time, and the motion to dismiss is overruled.          MOTION DENIED.

---

Argued February 25, decided March 8; rehearing denied April 12, 1910.

## ON THE MERITS.

[107 Pac. 470; 108 Pac. 121.]

Statement by MR. JUSTICE McBRIDE.

This action was instituted to recover $311.50 for goods alleged to have been sold to defendant. The alleged price of the property sold was fixed by plaintiff at $517. The complaint then alleged an account stated between defendant and plaintiff whereby it was agreed that a balance of $105.50 was due to defendant from plaintiff, and that the amount plus the sum of $100 which had been paid to plaintiff by defendant, but deducted from the $517, gave $311.50 as the amount plaintiff asked judgment for. Defendant denied the sale of the goods to it, admits their receipt, and claims they were not worth to exceed $400 and were taken for examination and not a complete sale,

and sets out a contract by which the plaintiff had been engaged in selling goods of defendant's manufacture under an agreement to pay plaintiff 75 per cent of the fixed selling price, 25 per cent to be retained as commission, and attached to the answer a list of the goods delivered under the contract on July 25, 1903, the day of the contract, and subsequently thereto, and also a list of the goods which were returned defendant on December 1, 1906, showing that at the time there was a balance of $847.62 due the defendant from plaintiff at the time plaintiff claimed this alleged statement of account and settlement was made.   Defendant denied the statement of account.   The case was tried to a jury and a verdict rendered for plaintiff. Defendant claims that the court was in error in several particulars which tended to its prejudice.                                       REVERSED.

For appellant there was a brief and an oral argument by *Mr. Hayward H. Riddell.*

For respondent there was a brief over the names of *Messrs. Wilson & Neal,* with an oral argument by *Mr. A. King Wilson.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

2. Upon the trial of this cause, the court gave the following instruction:

"You are the exclusive judges of the facts in this case. I will instruct you that if you find from the testimony in this case that these goods were delivered by the defendant to the plaintiff, remained in his store during the time alleged here; that, when the defendant undertook to take them away from the plaintiff, the plaintiff requested to have a settlement, and that the settlement was made as claimed here by the plaintiff, and if you are satisfied of this by the testimony and the circumstances of this case by a preponderance of the testimony—I mean by preponderance, the weight of testimony—I instruct you that that would be a termination of that contract for the delivery of those goods and the defendant would not be

entitled to recover on any of these causes of action set up here, neither for these goods, and you will pay no attention to the proposition whatever. That is what is termed in the law an 'account stated,' and the whole mass of testimony with reference to those goods and the claim growing out of that would be at an end. The burden of proof in this case is upon the plaintiff to establish by a fair preponderance of the testimony that these goods that he claims in his complaint, $517, were sold and delivered, and in considering that matter you will consider, not only the evidence of the witnesses here, but the circumstances surrounding them, and the circumstances of the manner of the delivery of the goods, and the probability of it, and arrive at the facts the same as you would at any other fact in the case; but the burden is upon the plaintiff to establish the fact by a fair preponderance of the evidence, and, of course, if you find the goods were so sold as claimed by the plaintiff, it would be your duty to return a verdict, or find that the amount due therefor from the defendant to the plaintiff was $517, as alleged."

It is contended that this was erroneous, in that it assured the value of the goods to be the sum of $517, whereas such value was denied, making it, therefore, a clear question of fact for the jury. The remark was no doubt an inadvertence, and is the only substantial defect in an otherwise impartial instruction. Counsel for plaintiff contends that the statement by the court to the jury that they are the exclusive judges of the facts in this case cured this error, but, much as we would like to adopt that view and end this vexatious case without further litigation, we find ourselves unable to accede to it. When the court said, "Of course, if you find the goods were so sold as claimed by the plaintiff, it would be your duty to return a verdict or find that the amount due therefor from the defendant to the plaintiff was $517 as alleged," they would naturally suppose by reason of the state of the pleadings or some circumstances of that sort that the value of the goods was so fixed as to be beyond legal question. There were counterclaims and offsets pleaded, and

we are unable to say to what extent this instruction may have influenced the jury beyond the presumption that they followed it as the law required them to. The fact that the instruction given was not requested by plaintiff's counsel cannot in any way affect the possible result it may have had upon the minds of the jury.

For the reasons above stated, the judgment is reversed, and a new trial ordered.                          REVERSED.

---

Former opinion overruled, April 12, 1910.

ON REHEARING.

[108 Pac. 121]

MR. JUSTICE MCBRIDE delivered the opinion of the court.

3. In our former opinion in this case (107 Pac. 470) we held that the judgment should be reversed on account of the giving of the following instruction:

"Of course, if you find the goods were so sold as claimed by the plaintiff, it would be your duty to return a verdict or find that the amount due therefor from the defendant to the plaintiff was $517, as alleged."

We held this instruction to be erroneous, in that it assumed the value of the goods to be fixed as a matter of law, when, in fact, such value was one of the disputed questions in the case. Appellant's printed abstract shows that this instruction was excepted to; but, upon comparing the abstract with the transcript on file, we find this to be an error, and that no exception was saved to the particular instruction held by us to be erroneous.

Our former holding is overruled, therefore, and the judgment of the court below is affirmed.

FORMER OPINION OVERRULED: AFFIRMED.