## McDONALD v. McDONALD.

(195 Pac. 361.)

**Appeal and Error—Appeal Abandoned by Failure to Give Timely Notice of Justification of Sureties.**

1. Under Section 550, Or. L., where plaintiff-respondent gave notice of her exception to defendant-appellant's sureties on October 20th, for 10 days, up to and including October 30th, defendant-appellant had opportunity to give notice of justification of the same or other sureties, to be performed at the utmost within 10 days thereafter, or not later than November 10th, and where he failed to do so, the appeal was abandoned and is subject to dismissal.

From Multnomah: WILLIAM N. GATENS, Judge.

In Banc.

On motion to dismiss appeal.

APPEAL DISMISSED.

*Messrs. Latourette & Latourette,* for the motion.

*Mr. Paul C. Dormitzer, contra.*

BURNETT, C. J.—1. On October 10, 1919, at the trial of the above-entitled divorce case in the Circuit Court, wherein both parties were represented by

counsel, a decree was rendered in favor of the plaintiff coupled with a monthly allowance of alimony to be paid by the defendant. On October 4, 1920, the defendant filed a motion to vacate the decree, and particularly that part of it allowing alimony. Both parties appeared by their attorneys at the hearing of this motion, and the same was overruled. The defendant gave notice of appeal from the order denying the motion and gave and filed, on October 18, 1920, an undertaking on appeal with two sureties. On October 20, 1920, the plaintiff excepted to the sufficiency of the sureties, giving notice thereof to the defendant, and to this day they have not in anywise justified. On January 15, 1921, the plaintiff filed in this court her motion to dismiss the appeal and affirm the judgment appealed from as upon an abandoned appeal. Although service of this motion was acknowledged by the defendant's attorney on January 14, 1921, no paper opposing the motion has been filed, and there is no cross-motion for leave to file any new undertaking.

The formula for taking and perfecting an appeal is prescribed in Section 550, Or. L. In respect to sureties it is there said:

"The qualifications of sureties in the undertaking on appeal shall be the same as in bail on arrest, and, if excepted to they shall justify in like manner."

Referring to Section 268, Or. L., we find that on receipt of notice of exception to sureties in bail, the sheriff or the defendant, within ten days thereafter may give notice of the justification of the same or other bail at a place and time specified, not less than five nor more than ten days after service of the latter notice. The procedure for the justification of challenged sureties as thus outlined has been utterly

ignored in the instant case, so far as the record discloses.

Section 550, Or. L., declares that an appeal shall be taken and perfected as therein prescribed, and not otherwise. The appeal is deemed perfected only from the time allowed to except to sureties or from their justification if excepted to. All these conditions are essential ingredients in the perfection of an appeal upon which the authority of this court in the exercise of its limited jurisdiction may be exercised to review any appealable action of a Circuit Court. The time in which the defendant might have caused the same or other sureties to justify has long since lapsed without action on his part. To be specific, we observe that plaintiff gave notice of her exception to the sureties on October 20, 1920. For ten days thereafter, or including October 30th, the defendant had opportunity to give notice of the justification of the same or other sureties to be performed at the utmost within ten days thereafter, in all, twenty days after the original objection to his sureties, or not later than November 10, 1920.

In the absence of any showing to the contrary, the record reveals an instance of abandoned appeal. Not having obtained jurisdiction, all this court can do is to decline to consider the case. This is accomplished by dismissing the appeal, leaving the decree of the Circuit Court intact, not for what we have done, but because of what we have not done, viz., reviewed the decision of that court. *United States Trust Co.* v. *Marquam,* 41 Or. 371 (64 Pac. 643), is authority for this action.

The appeal is dismissed.      Dismissed.