Argued November 3, 1961, reargued March 7, affirmed April 18, petition for rehearing denied May 15, 1962

## ROGERS *v.* DAY

370 P. 2d 624

*Carl R. Wells,* Portland, argued the cause for appellant. On the briefs were McCormick & Wells, Portland.

*Warren Hastings,* Portland, argued and *H. H. Phillips,* Portland, reargued the cause for respondent.

On the brief were Phillips, Coughlin, Buell & Phillips, Portland.

Before McAllister, Chief Justice, and Rossman, Warner, Perry, Sloan, O'Connell and Goodwin, Justices.

## GOODWIN, J.

The defendant corporation appeals from a judgment entered in favor of the plaintiff in the sum of $26,837.16 as restitution of the value of certain property transferred by the plaintiff in exchange for stock of the corporation.

The action was tried to a jury and a special verdict was returned upon the question of the authenticity of a purported written contract. Thereafter proceedings were continued by stipulation without the jury. The trial court made findings on certain questions which remained in the case after the special verdict. Based upon the findings and conclusions of the trial court, judgment was entered in favor of the plaintiff. While the facts are disputed in many particulars, they are of interest only to the parties. The trial court believed the plaintiff's version of the facts. We are unable to say that the trial court's view of the facts is without support in the record.

The defendants have presented numerous assignments of error, ranging from challenged rulings upon the admissibility of evidence to the general proposition that the evidence did not support the findings of fact. The case was handicapped from the beginning by pleadings which did more to obscure the issues than to join them. The plaintiff had either a cause of suit for restitution, brought on the wrong side of the court, or a cause of action in assumpsit which began

to emerge only in the second amended complaint. Any theory upon which recovery might have been predicated, however, remained substantially concealed until after the cause had been tried and a late reply was filed asking for relief in both law and equity.

ORS 16.460 (3) provides that no cause shall be dismissed for having been brought on the wrong side of the court. While the statute does state a liberal policy, it does not necessarily authorize the filing of a reply which substantially changes the theory of one's case. However, we need not decide whether there was error in permitting the pleading to be filed, for if it was error it was error of the sort that did not prejudice the substantive rights of the defendant. The parties stipulated that the issues remaining in the case after the verdict were to be submitted to the court. We believe the pleadings by that time had been so far forgotten by both sides that no one was prejudiced, and that the stipulation obviated further reference to the pleadings.

On any theory of the plaintiff's case, the record reveals that the plaintiff exchanged property worth $26,837.16 for stock in the defendant corporation under such circumstances that the corporation would be unjustly enriched if it retained the benefits of the transaction without paying the plaintiff the reasonable value of his property. It is not necessary to decide whether there was fraud, mistake, illegality or merely ignorance in the transaction. The trial court found adequate ground for restitution. Restitution can be made without prejudice to the legitimate rights of the corporation. It has received and disposed of valuable property. In exchange, the plaintiff received only stock of dubious value. During the period before he attempted to recover the value of his property, the

plaintiff received no dividends, was furnished no notice of shareholders' meetings, and was given no information concerning the affairs of the corporation. He had been made an officer of the corporation, and apparently thought he had permanent tenure in that office. However, he was effectively frozen out of the corporation. At the first meeting of shareholders which he did attend, he was handed a resignation form which had been prepared for his signature. The shares which he owned had, and have, no established market, although they may be of some value. As a minority shareholder, excluded from the affairs of a close corporation, the plaintiff has little to show for his property. The trial court was of the opinion that the parties could and should be restored to the approximate equivalent of the *status quo ante* by the plaintiff surrendering his stock and the corporation paying him the sum fixed in the judgment. We agree.

We have examined the assignments of error and find none that demonstrates wherein any substantial right of the defendant corporation has been prejudiced. We are admonished by statute to reverse a judgment only "for errors substantially affecting the rights of the appellant." ORS 19.125 (2). Upon the whole record we are of the opinion that the judgment entered was such as should have been given in the cause, regardless of error, and that the conclusion of the cause in the trial court should be affirmed under Oregon Constitution, Art VII, § 3 (Amended), without putting the parties to the expense of further litigation. See *Nordling v. Johnston,* 205 Or 315, 283 P2d 994, 287 P2d 420, 48 ALR2d 1369; *Lawrence Whse., Inc. v. Best Lbr. Co., Inc.,* 202 Or 77, 271 P2d 661, 273 P2d 993.

Affirmed.

PERRY, J., dissenting.

I dissent from the opinion of the majority for the reason that I cannot concur in the result reached.

The majority, in adopting Article VII, § 3 of the Constitution and affirming the cause, reexamined the matter as in a case in equity. From my examination of the record I am satisfied that I could not reach the result that this court has reached.

I therefore dissent.