Motion to correct the mandate May 12, denied October 10, 1962

ROGERS *v.* DAY AND UNITED PRODUCTS CO.

375 P. 2d 63

Warren Hastings and Phillips, Coughlin, Buell & Phillips, Portland, for the motion.

Carl Robt. Wells, and Hart, Rockwood, Davies, Biggs & Strayer, contra.

Before ROSSMAN, Presiding Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN and LUSK, Justices.

LUSK, J.

The case is before the court on application of the respondent Rogers (plaintiff below) to correct the mandate, and objections to such application filed by the appellant United Development Co. (defendant below) and Richard G. Harper.

On April 18, 1962, the court rendered a decision affirming a judgment for $26,837.16 in favor of the respondent, 230 Or 564, 370 P2d 624. The mandate

issued thereafter included a judgment for costs and disbursements against the United States Fidelity and Guaranty Company, a corporation, surety on an undertaking on appeal to secure payment of such costs and disbursements, filed by the appellant. Among the papers which have come to this court is another undertaking on appeal executed by the appellant as principal and Richard G. Harper as surety and by which they promised and agreed that the appellant would pay, not only the costs and disbursements which might be awarded against the appellant on appeal, but also, if the judgment should be affirmed in whole or in part, that the appellant would satisfy it so far as affirmed. The respondent asks that the mandate be corrected by incorporating in it a judgment against Harper upon this undertaking.

The relevant facts are as follows: The Harper undertaking was filed with the clerk of the circuit court on December 9, 1960, the same day that the appellant filed notice of appeal. On December 13 the respondent filed exception to the sufficiency of the surety and a motion requesting the court to set the time and place for the surety to justify. On December 19 the court ordered the surety to appear before it and justify on December 21 at 9 a.m. The motion and the order each recited as authority therefor ORS 140.140. At the time appointed counsel for the parties appeared but the surety did not. No record was made of the proceedings then taken other than as disclosed by an order of the court dated December 28, 1960, which reads:

> "This matter having come on upon plaintiff's Exception to Sufficiency of Surety herein, and it appearing that the defendant United Development Co. desires to cause to be furnished an undertaking

with a sufficient corporate surety, in lieu of justification of the individual surety, Richard G. Harper; now, therefore,

"IT IS ORDERED that the proceedings with respect to said Exceptions to Sufficiency of Surety are continued to January 6, 1961."

The next matter that appears of record is the serving and filing on January 6, 1961, of the undertaking for costs on appeal, heretofore mentioned, with the United States Fidelity and Guaranty Company as surety.

Under our statute the appellant is required to serve and file an undertaking within 10 days after filing of the notice of appeal and within five days after service of the undertaking the adverse party may except to the sufficiency of the sureties therein. ORS 19.038. The undertaking, with one or more sureties, must be to pay all damages, costs and disbursements which may be awarded against the appellant. If, however, it is desired to stay the proceedings, the undertaking must further provide that if the judgment or decree appealed from is for the recovery of money or of personal property or the value thereof, if the same or any part thereof is affirmed, the appellant will satisfy it so far as affirmed. ORS 19.040. "Within five days after the service of the undertaking, the adverse party or his attorney may except to the sufficiency of the sureties in the undertaking, or he shall be deemed to have waived his right thereto." ORS 19.038 (2).

If the sufficiency of the sureties is excepted to by the respondent they must justify as in bail on arrest. ORS 19.038 (3). Notice of justification of the sureties before a judge of the circuit court, or county court, or clerk of the court where the action is pending, at a time and place specified, may be given by the appellant

or the sureties within 10 days after receipt of notice of exception, and the time of such justification may not be less than five nor more than 10 days after the giving of such notice. ORS 29.580. The sureties are required to attend before the judge or clerk at the time and place mentioned in the notice and may be examined on oath touching their sufficiency by the respondent. The examination must be reduced to writing and subscribed by the surety if required by the respondent. ORS 29.590.

■ No notice of justification was given by the appellant or the surety as provided for by ORS 29.580. As previously stated, the court in ordering the surety to appear and justify on December 19, 1959, purported to act under ORS 140.140. That section has to do with the examination of bail concerning their sufficiency in criminal cases and has no application to the justification of sureties in an undertaking on appeal. As uniformly interpreted, the procedure for justification of such sureties is prescribed in the statute on civil arrest. ORS 29.510–29.740; *Larsen et al v. Lootens et al*, 102 Or 579, 194 P 699, 203 P 621; *McDonald v. McDonald*, 99 Or 225, 195 P 361; *Logan v. Cross*, 98 Or 274, 276, 192 P 656, 1119; *Moorehouse v. Weister*, 56 Or 126, 128, 95 P 497, 107 P 470, 108 P 121; *Simison v. Simison*, 9 Or 335. ORS 29.580 puts the burden on the appellant or the surety to give notice of the time and place for justification within 10 days after receipt of notice of exception. The respondent is not required to do anything after serving notice of exception and it is the surety who is authorized to fix the time and place for justification. If the surety so desires, he may choose to justify before a judge of the county court or clerk of the court where the action is pending, ORS 29.580.

Affidavits of counsel filed in this court are not in complete harmony as to what occurred at the hearing on December 21, 1960. On the part of respondent, Mr. Warren Hastings averred that Mr. Carl Robert Wells, attorney for the appellant, stated that Mr. Harper "could not be present as he was then in the process of applying for a corporate Supersedeas Bond for and on behalf of the defendant" and that "additional time was required for them to complete the transaction." The affidavit continues: "Mr. Wells' entire presentation was limited to the proposition that Mr. Harper was going to provide a better bond than the one he had on file, a corporate Supersedeas Bond, which he, Harper, would obtain and underwrite for and on behalf of the defendant." Mr. Wells swore in his affidavit that he "did not state that Mr. Harper *could* not appear but that he *would* not do so;" that Mr. Harper was "well qualified," but that he "did not want to submit to an examination into his private affairs" and that he, Wells, informed the court that he "was attempting to obtain a corporate surety bond" and that it was his hope "to obtain a corporate supersedeas bond."

The legal question presented must be determined without regard to these conflicting versions of Mr. Wells' statements. It is not clear to us that it is material whether he informed the court that Mr. Harper could not appear or would not appear or whether he unequivocally promised to provide a corporate supersedeas bond or merely said that he hoped to do so. But whether material or not, this court is in no position to resolve the dispute and must limit its consideration to the record.

The controlling facts, as disclosed by the record, are that no notice of justification was ever given by

the appellant or Mr. Harper; that Mr. Harper did not justify at the time and place by the court appointed or at any time; that the court, without objection so far as the record shows, in view of representations made to it that the appellant desired to furnish an undertaking with a corporate surety in lieu of justification by Mr. Harper, ordered "the proceedings with respect to said Exceptions to Sufficiency of Surety * * * continued to January 6, 1961;" that on that day the appellant filed a corporate surety undertaking for costs only and that nothing further was done with respect to the matter until counsel for the respondent, after the affirmance of the judgment by this court, made his request for correction of the mandate.

Our statute is silent upon the question of the liability of a surety on an undertaking on appeal who fails or refuses to justify. It provides that if the judge or clerk finds the surety sufficient he shall endorse an allowance thereon. ORS 29.600. It says nothing about the legal consequences to the surety if he is not found sufficient. Neither are there any decisions of this court which can be said to be definitive of the question.

The courts of only a few jurisdictions in this country have passed upon the question. The cases, many of them from New York, are collected in an annotation in 96 ALR 1371 to *McColgan v. Scoble*, 2 Cal2d 285, 40 P2d 483, 96 ALR 1368. In New York there are two lines of decisions arising under different statutes. One statute contained this provision:

> "The effect of a failure so to justify and to procure an allowance [i.e., approval of the undertaking] is the same as if the undertaking had not been given."

In *Manning v. Gould et al*, 90 NY 476, a case controlled by this statute, the court held that filing of exception

by the respondent to sureties on a stay bond and their refusal to justify resulted in their release. Later the statute was amended so as to read:

> "If the sureties fail or refuse to justify after service of the notice of exception, the respondent may proceed as if no undertaking had been executed."

This provision was construed to mean that upon the failure of sureties to justify, the stay created by the undertaking was vacated and the respondent could proceed to enforce the judgment, but the sureties remained liable. *Fried v. Rivkin,* 96 Misc 697, 161 NYS 94. The surety relied on the following language from the opinion in *Manning v. Gould*:

> "The respondent cannot have the dual right to enforce the judgment pending the appeal as if no undertaking had been given, and at the same time treat it as valid security for the payment of the judgment."

The court answered that "[t]his assertion must be read in the light of the law then under consideration" and that there was "nothing inherently wrong in permitting a judgment creditor to proceed against his judgment debtor pending an appeal, where sureties have failed to justify and when the judgment is affirmed against the sureties." On the authority of the *Rivkin* case the California court in *McColgan v. Scoble,* supra, placed the same construction upon a statute which provided that "unless the sureties justify within a period of twenty days the execution is no longer stayed." In an earlier case, *Moffat v. Greenwalt,* 90 Cal 368, 27 P 296 (1891), the court construed a statute similar to the New York statute involved in *Manning v. Gould,* supra, but came to a conclusion opposite

to that reached by the New York Court of Appeals in the latter case. The California court cited as authority for its holding the decision of the lower court in *Manning v. Gould et al* (reported in 47 NY Super. Ct. 387) being evidently unaware that that decision had been reversed nine years previously by the New York Court of Appeals.

The courts in three other states where there were no special statutes governing the question have held that sureties who fail or refuse to justify after exception are no longer liable on their undertaking. *Peterson v. Kjellin,* 93 Minn 422, 101 NW 948; *Rabb v. Thomas,* 137 Ill App 255; *State v. Sixth Jud. Dist. Court,* 22 Mont 449, 57 P 89, 145, 74 Am St Rep 618. In the Montana case, involving a stay bond, the failure to justify was followed by issuance of execution, in the other two, involving bonds for costs only, by dismissal of the appeals. The Montana court stated in its opinion, obiter, that it was not the mere act of the respondent in excepting to the surety and the latter's refusal to justify, but "the act of the respondents in levying the execution against the property of the judgment debtor" which relieved the surety of liability.

At common law, when bail were sued on their undertaking they could not defend on the ground that there had been an exception and failure to justify; their remedy was by motion to have their names struck out of the bailpiece or that an exoneretur be entered. *Fulke v. Bourke,* 1 W. Blackstone's Reports 462, 96 Eng Rep 267 (K.B. 1764); *Bramwell v. Farmer,* 1 Taunt. 427, 127 Eng Rep 899 (C.P. 1809); *Jones v. Tub,* 1 Wilson's Reports 337, 95 Eng Rep 649 (K.B. 1752); 1 Tidd's Practice 258; Petersdorff, 10 Law Library 168; *Ward v. Syme,* 4 NY 171 (1850). In the

case last cited the court held that, as exoneretur was only a matter of practice, the defense could be asserted in an action on the bond and accordingly affirmed a judgment for the defendants, the sureties on a writ of error bond, whose defense was that they had failed to justify after exception had been filed.

██ The question here is a close one. Little or no guidance may be found in decisions such as those from New York and California which are based on special statutes. Were the dictum of the Montana court to which we have referred to be followed, the surety should be held liable, but it was only dictum and cases cited by the court as authority for the statement do not, in our opinion, support it. We think that the surety's release from liability follows from the fact that after his sufficiency had been excepted to and he refused to justify the plaintiff had the right to levy execution. That he did not exercise that right is not a controlling consideration. Nor can it be argued successfully that the plaintiff waived his exception, for release of the surety was accomplished when he failed to justify within the extended time fixed by the court for that purpose. There could be no waiver of the exception thereafter. *Finkelstein v. Punie,* 162 App Div 119, 147 NYS 317; *Hoffman v. Smith,* 34 Hun 485.

██ In our opinion the assumption is warranted that when the legislature enacted the statutes with which we have been dealing and made no provision respecting the liability of sureties who fail to justify after notice of exception, the matter was left as it was at common law. Obviously, there is no reason today for retaining the ancient procedure of striking the surety's name "out of the bail-piece," and he should be permitted to assert his defense in any proceeding against

him on his undertaking. *Ward v. Syme,* supra. Since this court is authorized to enter judgment against the surety when it is given against the appellant, ORS 19.190 (2), the respondent's motion to correct the mandate is to be regarded as such a proceeding.

■ Decisions of this court cited by the plaintiff do not reach the question before us, but involve the right of the respondent to secure dismissal of an appeal because of technical failure on the part of the appellant to comply with the provisions of the statutes which require an undertaking on appeal. While such failure may be ground for dismissal of the appeal, the statutes of this state have always permitted the omission to be supplied where it is due to mistake and the appeal is taken in good faith. ORS 19.033; OCLA § 10-803 (4); *In re First & Farmers National Bank,* 145 Or 150, 166, 26 P2d 1103; *Iltz v. Krieger,* 104 Or 59, 202 P 409, 206 P 550; *Chambers v. Everding & Farrell,* 71 Or 521, 523, 136 P 885, 143 P 616; *Newberg Orchard Association v. Osborn,* 39 Or 370, 372, 65 P 81; *Matlock v. Wheeler,* 29 Or 64, 74, 40 P 5, 43 P 867. Further, where there was undue delay on the part of the respondent in raising the question, the defect has been held to have been waived and the undertaking allowed to stand as sufficient to accomplish the purpose for which it was given, *In re First & Farmers National Bank,* supra; *Iltz v. Krieger,* supra. In the former case a surety was excepted to. He justified, but the notice of the time and place of justification was not in compliance with the statute. In the latter case, also, the surety justified, though not within the time required by law. In both cases motions to dismiss the appeals, belatedly filed, were denied on the ground that they came too late and the defect had been waived.

These were not cases of failure or refusal of a

surety to justify nor cases where a surety claimed that he had been released. Neither did they involve supersedeas bonds. They stand only for the proposition that appeals prosecuted in good faith will not be dismissed merely because of some irregularity in the procedure taken by the appellant to justify the surety on the appeal bond.

For the foregoing reasons we think that the surety is not liable, and the motion to correct the mandate is denied.

McALLISTER, C. J., took no part in the consideration or decision of this motion.