Argued September 14, 1966, reversed and remanded
February 15, 1967

# ROGERS *v.* KING

423 P. 2d 761

*David N. Hobson,* Portland, argued the cause for appellant. With him on the briefs were Phillips, Coughlin, Buell & Phillips, and Warren Hastings.

*Jack H. Cairns,* Portland, argued the cause for respondent. With him on the brief was Raymond J. Conboy.

Before McALLISTER, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

LUSK, J.

This is an action to recover on a bond given for the recall of an execution. A trial before the court without a jury resulted in a judgment for the defendant from which the plaintiff appeals.

The action grows out of a case in which the plaintiff was the plaintiff in this action and the defendants were Lloyd L. Day and United Development Co., an

Oregon corporation. In that case the plaintiff on September 16, 1960, recovered a judgment against United Development Co. for $26,837.16, together with interest and costs. The subsequent proceedings in *Rogers v. Day et al.* were as follows: On September 21, 1960, defendant United Development Co. filed a motion for a new trial. On September 22, 1960, the plaintiff caused execution to be issued upon his judgment and certain properties of United Development Co. were attached and garnished. On September 26, 1960, attorneys for United Development Co. served on attorneys for the plaintiff a notice that they would on that day apply to the presiding judge of the Multnomah County Circuit Court for an order staying execution of the judgment above referred to and "recalling and setting aside the execution heretofore issued on said judgment, until such time as said defendant's motion for new trial is determined. Concurrently with said application, said defendant is filing its undertaking to stay the proceedings herein." The undertaking referred to was signed by Lyman E. King, Jr., the defendant in the case at bar and reads as follows:

"WHEREAS, United Products Co., now known as United Development Co., defendant above named, has filed a motion for a new trial in the within action, and

"WHEREAS, the plaintiff, Floyd W. Rogers, has caused certain properties of defendant, United Products Co., to have been attached, and

"WHEREAS, on application of the above named defendant, an order has been made in the above entitled action discharging said properties of defendant from said attachments heretofore issued and levied in such action by and on behalf of said plaintiff, Floyd W. Rogers, now, therefore,

"I, Lyman E. King, Jr., a resident (householder) freeholder of Multnomah County, State of Oregon,

as surety, hereby undertake to pay said plaintiff the amount of the judgment enrolled and docketed in this action on the 19th. day of September, 1960; that I will pay all damages, costs and disbursements which may be awarded against said defendant on appeal; and that if said judgment and orders appealed from or any part thereof are affirmed the appellant will satisfy it so far as affirmed."

Pursuant to such notice counsel for the respective parties appeared before the Honorable Herbert M. Schwab, the judge who had tried the case and to whom the matter was referred by the presiding judge, the Honorable Charles W. Redding. Judge Schwab thereupon made and entered an order which reads:

"This matter having come on upon application of defendant United Development Co. for an Order staying execution of the judgment entered herein on September 19, 1960, in favor of plaintiff and against said defendant, and recalling and setting aside the execution heretofore issued on said judgment; and

"It appearing that said judgment was enrolled and docketed in the Clerk's office of this Court on September 19, 1960; that on September 21, 1960, said defendant served and filed herein a motion for new trial and to set aside said judgment; that on September 22, 1960, the plaintiff caused writ of execution to be issued on said judgment directed to the Sheriff, Multnomah County, and that on September 23, 1960, the said Sheriff served said writ and levied upon or attempted to levy upon the property of said defendant; and

"It appearing that said defendant served and filed herein a notice of application for said Order and an undertaking to stay the proceedings and to pay and satisfy the judgment if affirmed; now, therefore,

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that execution of the judgment

entered herein on September 19, 1960, in favor of plaintiff and against defendant United Development Co. (formerly United Products Co.) is hereby stayed and the execution heretofore issued on said judgment is hereby recalled and set aside, until such time as said defendant's motion for new trial herein is determined by this Court."

Pursuant to the foregoing order the sheriff released the garnishments, apparently on September 28, 1960.

On September 30, 1960, the plaintiff filed "Exception to Sufficiency of Surety" which reads as follows:

"Comes now plaintiff, by and through his attorneys, Phillips, Coughlin, Buell & Phillips, and does hereby except to the sufficiency of the sureties in defendants' undertaking on appeal, as provided in ORS 19.030, and requests that this Court enter an order setting the time and place for hearing, at which time said sureties be required to justify and prove the sufficiency of the surety, as provided for in ORS 140.140."

No order was ever entered as requested in the foregoing paper and King never justified.

The motion for new trial was denied by operation of law pursuant to ORS 17.615, and on December 9, 1960, United Development Co. gave notice of appeal to this court, which affirmed the judgment on April 18, 1962: *Rogers v. Day,* 230 Or 564, 370 P2d 624. A judgment on the mandate was not entered by the circuit court until November 7, 1962, the delay having been occasioned by the consideration and decision of a motion to correct the mandate so as to include therein a judgment against Richard G. Harper, a surety on another appeal bond. See *Rogers v. Day and United Products Co.,* 232 Or 185, 375 P2d 63. For convenience we will refer to that proceeding as the *Harper* case.

The judgment on the mandate included a judgment against United States Fidelity and Guaranty Co., surety, for plaintiff's costs and disbursements incurred on appeal.

The position of the defendant is that decision here is ruled by the *Harper* case, in which we held that a surety on a statutory supersedeas undertaking was released because he refused to justify after exception had been filed to his qualifications.

We are met at the threshold with a contention of the defendant that the circuit court had no jurisdiction of this case because, it is said, the jurisdiction to determine liability of a surety on an undertaking on appeal is vested exclusively in the Supreme Court by ORS 19.190, which provides in subsection 2:

"If judgment is given against the appellant, it shall be entered against his sureties also, in like manner and with like effect, according to the nature and extent of their undertaking."

It is true that in the *Harper* case this court did, on a motion to correct the mandate, pass on such a question, as it did in the earlier case of *Fischer v. Bayer et al*, 108 Or 311, 322, 216 P 1028, on a motion to recall the mandate; but these cases cannot be read to mean that where a judgment has not been entered by this court against the surety the surety is discharged. A clear analogy is found in the statute regarding attachments, ORS 29.380, which provides that where the plaintiff recovers a judgment and there has been an attachment of property the court shall order the property to be sold to satisfy the plaintiff's demands; or, if an undertaking to release the attachment has been given by the defendant, the court shall, upon giving judgment against the defendant, also give judgment against the

surety on such undertaking. We have repeatedly held under this statute that when a judgment is given against the defendant an attachment lien is waived by the failure to take an order for the sale of the attached property: *Henry v. Allen,* 171 Or 676, 678, 138 P2d 591, where the earlier cases are cited; but it has also been held that failure to take judgment against the surety on an undertaking given to release an attachment does not discharge the surety: *Hill v. Wilson,* 123 Or 193, 200-201, 261 P 422; *First Nat. Bank v. M'Kean,* 285 Fed 557 (9th Cir). In the latter case the court referred to the general rule to which it found no exception among reported cases: "An action on a bond for the forthcoming of property or discharge of an attachment is not excluded by other and summary remedies provided for the enforcement of such liabilities. 6 CJ 351, Attachment § 741." See, also, 7 CJS 519, Attachment § 317; 5 Am Jur 2d 466, Appeal and Error § 1050.

■ Furthermore, in Washington and Texas, where there are statutes similar to ORS 19.190, the courts have held that the remedy of summary judgment provided by such statutes is not exclusive, but cumulative of the common law remedy: *Levas v. Massachusetts Bond. etc. Co.,* 21 Wash 2d 562, 565-566, 152 P2d 320; *Empson v. Fortune,* 102 Wash 16, 22, 172 P 873; *Harrison v. Barngrover,* Tex Civ App, 118 SW2d 415, 418. We conclude that the circuit court had jurisdiction of the action.

■ The parties agree that the bond filed by the defendant is in form a statutory supersedeas appeal bond. They do not agree, however, that it is such in fact. Plaintiff contends it is a common law bond. We

think it must be so held as it was filed prior to giving notice of appeal. ORS 19.038 (1) provides:

"Except as provided in ORS 19.045 [not applicable], within 10 days after the filing of the notice of the appeal, the appellant shall serve on the adverse party or his attorney an undertaking as provided in ORS 19.040, and within such 10 days shall file with the clerk the original undertaking, with proof of service indorsed thereon."

Contrary to the decisions from other jurisdictions, relied on by the defendant, an undertaking on appeal filed before notice of appeal has been given is without statutory efficacy: *Union Cent. Co. v. Deschutes Vy. Co.*, 139 Or 222, 224-225, 3 P2d 536, 8 P2d 587; *Hawthorne v. City of East Portland*, 12 Or 210, 6 P 685; *Weiss v. Jackson County*, 8 Or 529. Cf. *Hume v. Rice*, 86 Or 93, 167 P 578; and *Hansen v. Robbins*, 80 Or 659, 157 P 1112, 158 P 403, both involving restitution bonds prematurely filed. Furthermore, the instrument was treated as a common law bond by the circuit court. Had it been a statutory supersedeas undertaking no order staying execution would have been needed, ORS 19.040 (1) (a), *Huber v. Tazwell*, 132 Or 122, 126, 283 P 745; and the order stayed the execution only "until such time as said defendant's motion for new trial herein is determined by this Court." A statutory undertaking would have stayed execution until the case was decided on appeal.

This view of the nature of the obligation is supported by the following paragraph in the defendant's amended answer:

"That it was understood and agreed by and between this plaintiff and defendant that the undertaking was to safeguard plaintiff only for the purpose of his garnishment and attachments between the period of time from the date the judgment was

entered to the date of hearing on the motion for new trial."

That this was the defendant's considered position in the trial court appears from his trial brief, where it is said:

"Since the plaintiff was at liberty to levy execution after the Court's decision on the Motion for a New Trial, the bond, if effective, should only protect the plaintiff to the extent of any loss occasioned not to exceed the amount of the judgment."

■■ Defendant contends that there was no consideration for the bond. The argument runs thus: The trial court had power to grant a stay with or without requiring a bond, and it did not require a bond because the form of order signed by the court was prepared by the attorneys for the defendant before the hearing on the application for a stay, and, further, the bond was apparently not filed until after the stay order was made. We think this contention is conclusively answered by the recital in the court's stay order: "It appearing that said defendant served and filed herein a notice of application for said Order and an undertaking to stay the proceedings and to pay and satisfy the judgment if affirmed." Counsel for defendant concede in their brief that such a recital generally imports absolute verity: *Huffman v. Alexander,* 197 Or 283, 317, 251 P2d 87, 253 P2d 289. There is nothing about this case to take it out of the general rule. The stay order, taken by its four corners, admits of no other construction than that it was made upon a consideration of all the facts previously recited therein. We are not permitted to speculate as to matters not disclosed by the record which someone may claim to have been in the mind of the judge. If we were, it would be reasonable to say that the judge was guided by the principle called

to our attention in the brief of the defendant that the court "ought to be very cautious in granting them [stays], except in cases where the ultimate satisfaction of the judgment by the defendant is assured": 1 Freeman on Executions (3d ed) 118, § 32. Prima facie, the defendant's undertaking satisfied that requirement, for attached to it was his affidavit stating: "I am worth twice the sum specified in the judgment (namely $26,837.16 with interest at 6% per annum from February 1, 1955 plus costs), exclusive of property exempt from execution, and over and above all just debts and liabilities."

■ We think it not open to debate that United Development Co. secured discharge of the garnishments in consideration of defendant's undertaking to pay the judgment if it should be affirmed.

■ It is also suggested that "it is doubtful whether any property was in fact attached." Garnishments were served on all the banks in Multnomah County, but before the time allowed to the garnishees to make return had expired the sheriff received an order from the court to release all moneys garnished. The undertaking of the defendant, however, recites that the plaintiff "has caused certain properties of defendant, United Products Co., to have been attached." This is the declaration of the defendant himself and there is no evidence to the contrary. Besides, the defendant is estopped to dispute the fact so recited: *Haffner v. Commerce Trust Co.*, 184 Okla 212, 86 P2d 331, 120 ALR 1057.

We are thus brought to the ultimate question whether the *Harper* case is controlling here. As previously stated, that case involved a statutory supersedeas bond. The surety refused to justify after ex-

ception to his qualifications had been filed in accordance with the statute. The statute makes applicable the procedure for justification of bail on civil arrest, and, under the practice in such cases at common law, a surety who was excepted to was entitled to be discharged if he failed to justify. In the absence of any provision in the statute stating the consequences of the failure of a surety in a supersedeas undertaking to justify, we were of the opinion that it was the intention of the Legislature to leave the matter as it was at common law and we, therefore, held that the surety had been discharged.

No statute governs the proceeding in this case and we are not disposed to extend the doctrine of the *Harper* case to a common law undertaking given to secure the release of property of a judgment debtor from the levy of an execution by the judgment creditor. It is argued that the circuit court, in the exercise of the power conferred upon it by ORS 1.160,① could, and perhaps did, adopt the identical procedure prescribed in the appellate code. There is nothing to indicate that Judge Schwab adopted any mode of proceeding and it would not have been, in our opinion, a suitable mode of proceeding to have attached the same consequences to the failure of the surety on this common law bond to justify, as follow from a like failure on the part of a surety on a statutory supersedeas undertaking. For here, differently from the latter case, even before the exception was served upon him, the

---

① ORS 1.160: "When jurisdiction is, by the constitution or by statute, conferred on a court or judicial officer, all the means to carry it into effect are also given; and in the exercise of the jurisdiction, if the course of proceeding is not specifically pointed out by the procedural statutes, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of the procedural statutes."

defendant's principal objective in offering himself as a surety—recall of the execution and release of the garnishments—had been attained.

It is said in 5 Am Jur 2d 465, Appeal and Error § 1048:

> "The main ground upon which sureties in a supersedeas bond which is not good as a statutory bond have been held liable thereon, where there has been, in fact, a stay, is that they are estopped to deny their liability."

See cases cited in Annotation, 120 ALR 1062, 1067. This principle, it seems to us, should apply with full force to the present case.

The judgment is reversed and the cause remanded with directions to enter judgment for the plaintiff.